GORDIE HOLDER v. STATE.

187 So. 781.

Opinion Filed April 4, 1939.

*Douglas & Schad, Zach H. Douglas* and *Parks M. Carmichael,* for Plaintiff in Error.

*George Couper Gibbs,* Attorney General, *Tyrus A. Norwood* and *Thomas J. Ellis,* Assistant Attorneys General, and *J. C. Adkins,* for Defendant in Error.

THOMAS, J.—The plaintiff in error was charged in an information with having fraudulently altered and changed the marks of an animal "not his own, with intent to claim the same *and* to prevent identification by * * * the true owner." (Italics supplied.)

This conforms to the definition of the offense denounced in Section 7279 C. G. L. 1927, except that the conjunctive "and," which we have italicized, does not appear in the statute, but instead the disjunctive "or" is used. This

does not render the information duplicitous, as is urged by plaintiff in error.

It has been announced, by authority approved by this Court, that where a certain act *or* another is declared unlawful, the word "and" may be substituted for "or" in one count of an indictment without rendering it duplicitous. Strobhar v. State, 55 Fla. 167, 47 South. Rep. 4; Bradley v. State, 20 Fla. 738.

The person named as the owner of the animal, the mark on which had been changed, was allowed to remain in the court room during the progress of the trial and to testify for the State, although all other witnesses were placed under the rule.

Before any evidence was introduced the defendant protested against the presence of this witness and insisted that it would prejudice the jury; would perform no useful service to the State, and that he was not an officer of the court. At least once during the examination of a State witness the State Attorney in a question referred to the alleged owner "sitting there." When the alleged owner took the witness stand defendant's counsel again objected to any testimony being given by him.

The offense charged was one against property, the property of the witness who was privileged to remain in the court room during the trial, and he was, of course, intensely interested in a conviction.

The matter of excluding witnesses from the inquest and making exceptions to the rule invoked is within the discretion of the presiding judge, but, we think, that in the circumstances reflected by the bill of exceptions there was an abuse of it in this case. It was a distinct advantage to the State to let this witness hear and observe other witnesses and then testify himself, an advantage to prevent

which the rule was put into force. No excuse whatever for excepting him appears in the record.

The last question we are asked to decide is the sufficiency of the evidence. It was necessary to conviction that the State prove beyond a reasonable doubt that the defendant changed a mark with the intent to claim the animal and prevent its identification by the owner. At the time the mark was actually altered three persons were present the defendant and two witnesses, who testified for the State, the purchaser of the animal and his son. The defendant's story was that the purchaser asked him to make the alteration so the animal could be identified as his, and that he complied with the request while the purchaser looked on and his son assisted. This is likewise the tale of the purchaser, as shown by these questions propounded to him and his replies:

"Q. Did he do it (change the mark) of his own volition or do it at your request?

"A. I told him I wanted the mark changed before I put it in my field.

"Q. He didn't make any suggestion? A. No.

"Q. He did it for you and at your request? * * *
"A. Yes.

"Q. And he didn't try to hide it, or anything?
"A. No."

From a careful examination of the entire bill of exceptions, we think that the State failed to meet the burden of establishing beyond a reasonable doubt that defendant's act was performed with the intent alleged in the information.

Our conclusion, is that the information was not defective; that the court should not have allowed the alleged owner to attend the trial and then to testify while other

witnesses were precluded from doing so, and that the evidence was insufficient to sustain the verdict of guilty.

The judgment is reversed.

TERRELL, C. J., and WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

BROWN, J. concurs specially.

BROWN, J. (concurring specially).—I concur in all the foregoing opinion, but as to that part which pertains to the overruling by the Court of the defendant's motion to exclude the prosecuting witness from the Court room along with the other witnesses, I might add the exemption of the prosecuting witness, especially where he is required to testify first, appears to have been recognized in some jurisdictions as a matter within the discretion of the trial court, which will not be held to be reversible error unless it appears that such action was prejudicial to the defendant. But in many cases, such exemptions may be prejudicial, and it may have been here, and in the absence of any showing by the State of any good reason why this witness should have been exempted from the rule, and in view of the reasons stated by defendant's counsel in his motion to exclude him, I concur with the holding that error was committed. In this connection, see 16 C. J. 842, 64 C. J. 119.