R. L. LANG v. STATE.

187 So. 786.
Division A.
Opinion Filed April 4, 1939.

*Will O. Murrell,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, *Tyrus A. Norwood* and *Thomas J. Ellis,* Assistant Attorneys General, for the State.

BUFORD, J.—There are really only three questions for us to determine on review of the judgment brought here under writ of error to the judgment of conviction of larceny of an automobile.

The first question is, was the evidence sufficient to support the verdict and judgment? We must hold that it was.

The second question is, "Did the court commit error in refusing to allow the mother of accused to testify in support of defendant's claimed alibi after the defendant had invoked the rule as to exclusion of witnesses and after the proposed witness had remained in the court room throughout the trial, hearing the witnesses for and against the defendant, and was then offered as a witness to further sustain the claim of alibi?" This was a matter to be determined in the sound judicial discretion of the trial court. Under the facts as shown by the record before us, we cannot say that reversible error was committed. We may say, however, that the better practice is to allow parents of minors who are placed on trial to remain in the court room with such minor defendants during the trial and to allow them to testify under the rules of evidence, regardless of the fact that witnesses generally have been excluded from the court room.

The third question is whether or not the court committed reversible error in refusing to sustain the objections of the defendant to remarks made by the county solicitor in his arguments before the jury.

130

It appears from the record that the statements attributed to the prosecutor may have been improper but the record in this regard is not sufficiently full and complete for us to be able to say that the trial court committed reversible error in not sustaining objections thereto. The burden is on plaintiff in error to clearly show reversible error and on the whole record this has not been made to appear.

The judgment is affirmed.

So ordered.

Affirmed.

TERRELL, C. J., and THOMAS, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.