J. Harold Davis and Wallace Towers v. State.

187 So. 761.

Opinion Filed April 4, 1939.

*Paul Lake,* for Plaintiffs in Error;

*George Couper Gibbs,* Attorney General, *H. E. Carter,* Assistant Attorney General, for Defendant in Error .

Per Curiam.—The information contains the following:

"In the name and by authority of the State of Florida: Roy D. Stubbs, State Attorney of the Twelfth Judicial Circuit of the State of Florida, prosecuting for the State of Florida, in the County of Lee under oath information makes that J. Harold Davis and Wallace Towles late of the County and State aforesaid, on the 20th day of August in the year of Our Lord One Thousand Nine Hundred and Thirty-Six, in the county and State aforesaid did un-

lawfully keep, exercise and maintain a gaming table and room and. gaming implements and gaming apparatus, and house booth, tent and shelter for the purpose of gaming and gambling.

"And the said State's Attorney in a Second County, further information makes that the said J. Harold Davis and Wallace Towles, on the 20th day of August, 1936, in the County and State aforesaid, did unlawfully procure, suffer and permit persons to play for money and other valuable things at games of chance, in a place of which they, the said J. Harold Davis and Wallace Towles, did have charge, control and management; * * *

A motion to quash the first count of the information was overruled, and a motion for a continuance was denied. In a trial on a plea of not guilty the following verdict was rendered:

"We the jury find Wallace Towles Guilty in both counts as charged—Harold Davis Guilty in first count only, so say we all."

Each defendant was adjudged to be guilty and sentenced to one year's imprisonment in the State Penitentiary. Writ of error was taken by both.

The statute provides that:

"Whoever * * * keeps, exercises or maintains a gaming table or room, or gaming implements or apparatus, or house, booth, tent, shelter or other place for the purpose of gaming or gambling * * * shall be punished by imprisonment in the State prison not exceeding three years, or by fine not exceeding five thousand dollars." Sec. 7657 (5499) C. G. L.

In the first count of the information it is alleged that: "J. Harold Davis and Wallace Towles * * * did unlawfully keep, exercise and maintain a gaming table and room and gaming implements and gaming apparatus, and house,

booth, tent and shelter for the purpose of gaming and gambling."

The first count of the information in effect uses the language of the statute defining the crime and does not charge two distinct or separate crimes in one count. The count is not duplicitous. The quoted statute defines one offense, though the count would have stated an offense if it had severally alleged the keeping, exercising or maintaining of a gaming table or room or gaming implements or apparatus, or house, booth, tent, shelter or other place for the purpose of gaming or gambling. See Irvin v. State, 52 Fla. 51, 41 So. 785.

There was ample time for preparing a defense between the arraignment and the trial, and the denial of a motion for continuance is not shown to be error. See Moore v. State, 124 Fla. 332, 168 So. 397.

Even if on this record it was error to admit testimony of the officers as to finding gambling paraphernalia in the place indicated by the evidence, when the officers entered without a search warrant, it was immaterial and harmless since there was other testimony adduced to support the verdict and judgment, and no timely effort is shown to have been made to suppress the evidence in regard to the finding of the paraphernalia.

Affirmed.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.