PEARSON, Judge.
The appellant was adjudged guilty of Grand Larceny, and sentenced to pay a fine of $1,000, or in default thereof, to serve one year in the State Penitentiary. The information charged that the appellant being an agent, employee and trustee of Fine Foods Operating Company, Inc., and having in his control certain money of the firm, did with intent to defraud appropriate said money. The trial of the cause, before the court without a jury, was commenced on October 16, 1956; at which time the appellant’s counsel asked for the imposition of the rule for the separation of the witnesses, whereupon witnesses were excluded from the courtroom. After the testimony of the first witness for the State, the cause was upon the court’s own motion adjourned until October 30, 1956, for the specific purpose of producing the testimony of a certain Mr. Chessler, whose testimony the court deemed essential to a determination of the case. Mr. Chessler was the actual owner of the corporation whose funds the defendant was accused of appropriating. When the witness Chessler was called on October 30th, he admitted that he had been shown and had read a copy of the prior testimony. Objection was made to his testifying and the objection was overruled. That ruling is assigned as error, and this court finding that it was an error prejudicial to defendant’s right to a fair trial, the judgment is reversed.
It is the settled law of this State that the matter of placing witnesses under or exempting them from the rule is within the discretion of the trial judge and that his action will not be reversed unless it is made to appear that the court abused its discretion and that such abuse worked to the prejudice of the party complaining. McVeigh v. State, Fla., 1954, 73 So.2d 694, *305 695. The question of whether one who has been placed under the rule and has violated the rule shall be allowed to testify is likewise in the discretion of the court. Taylor v. State, 88 Fla. 555, 102 So. 884; Nelson v. State, 127 Fla. 677, 173 So. 841; Lang v. State, 137 Fla. 128, 187 So. 786. However, this discretion is not unlimited. In Rowe v. State, 120 Fla. 649, 163 So. 22, the court held that if the violation of the order of the court by the witness is participated in by the party calling the witness or by the attorney representing such party, testimony of the witness who has violated the rule will be excluded. Further, the Supreme Court of Florida in Holder v. State, 136 Fla. 880, 187 So. 781, reversed the conviction of the defendant who was charged with having fraudulently altered and changed the marks of an animal not his own with intent to claim the same and to prevent the identification by the true owner, and the court set forth the violation of the rule as one of the grounds for reversal. The Holder case is similar to the case before us. The offense charged, in each case, was one against property, and it was the witness claiming ownership of the property who violated the rule. In each case the witness was intensely interested in a conviction. In the, case now before us the witness admitted that he had been furnished a copy of the record of the previous testimony and had read it. The rule is generally said to have had its ancient origin in Susanna’s case as related in the apocryphal Scriptures. If this is so, no better example exists of the fact, that upon an invocation of the rule by a defendant in a criminal proceeding, the prosecuting witnesses should be required to give their testimony without the aid of their fellows. Therefore, the judgment of conviction appealed from is reversed and the cause is remanded for new trial.
Reversed and remanded.
CARROLL, CHAS., C. J., and HORTON, J., concur.