TILLMAN PEARSON, Judge.
The petitioner was tried and adjudged guilty of robbery, and of assault with intent to commit first degree murder with a firearm. He did not appeal but later collaterally attacked the judgments under *354 Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. He contended that he desired to appeal, but that he was prevented from doing so through insolvency, his personal inability, and the refusal of the public defender to prosecute an appeal on his behalf. The trial court denied defendant’s motion for relief.
This Court, on July 7, 1964, in Jackson v. State, Fla.App.1964, 166 So.2d 194, reversed the order on motion for relief with directions to the trial court to conduct a formal hearing to determine if petitioner’s desire to appeal had been thwarted, and if so, to consider (as on a motion for new trial) the other listed contentions relating to evidentiary matters and incidents at the trial and to rule on the merits of those contentions.
The trial court on August 24, 1964, held a formal hearing and determined that the petitioner’s desire to appeal had been thwarted. He conducted hearings on September 3, 1964, and September 29, 1964, as hearings on a delayed motion for new trial. The trial court denied the motion for relief on October 6, 1964, and this order is now before this Court on appeal.
The determinative question is whether under the circumstances of this case it was an abuse of discretion to allow a witness to testify in violation of the so-called sequestration of witnesses’ rule. The rule excluding witnesses was invoked at the trial. At the trial a Detective Helman was sitting in the courtroom as a spectator. During this time he heard the petitioner testify to the effect that he had not made an oral confession. Subsequently, a recess was called, at which time Detective Hel-man advised the prosecutor that the petitioner had in fact made an oral confession to him. Detective Helman had not been subpoenaed as a witness in the case. Hel-man returned to the courtroom and heard some additional testimony. Over petitioner's objections, Helman was allowed to testify as a rebuttal witness that the appellant had made an oral confession to him. This was the only evidence of a confession by the petitioner.
It is settled in this State that the matter of placing witnesses under oath and exempting them from the rule is within the discretion of the trial judge. Spencer v. State, Fla.1961, 133 So.2d 729. It will be recognized however, that the question before us is not whether the witness should have been placed under the rule (because the trial judge properly exercised his discretion by invoking the rule as to all witnesses.) Rather, the question is whether it was an abuse of discretion to allow the detective to testify when he volunteered to do so because of testimony that he heard during the trial and wished to contradict.
It was held in Spencer v. State, supra, that the discretion of the trial judge also extends to whether a particular prospective witness should be excluded from the so-called sequestration of witnesses’ rule. In that case it was pointed out that:
“ * * * The obvious reason for the rule is to avoid the coloring of a witness’s testimony by that which he has heard from other witnesses who have preceded him on the stand. It is often less likely that such a result will follow in the case of some law enforcement officers who have had experience in criminal trial work and whose interest in the results is not apt to be personal. Unless a trial judge can be said to have abused the discretion which is his to exercise in such situations, then his judgment will not be disturbed. The burden is on the complaining party to demonstrate an abuse of discretion with resultant injury.”
The Supreme Court held that under the facts of that case the defendant had failed to demonstrate an abuse of discretion because there was no indication that the presence of the two officers in the courtroom during the trial resulted in harm to the appellant.
*355 We think that the present case must be distinguished from the last cited case because the testimony-of the prospective witness was actually suggested by what he heard in the courtroom. It resulted in evidence of an alleged confession which evidence if accepted by the jury is the- most damaging of all possible evidence to a defendant in a criminal trial. Under these circumstances we do not feel that it is possible to hold that the trial court’s discretion was not abused and that the error was not harmful to the defendant. See Rowe v. State, 120 Fla. 649, 163 So. 22; Holder v. State, 136 Fla. 880, 187 So. 781; Young v. State, Fla.App.19S7, 99 So.2d 304.
The motion for new trial also contained a ground alleging newly discovered evidence concerning a physical impediment termed a “wrist drop”. It is alleged that such evidence upon a new trial would prove that it would have been impossible for the defendant to have committed the crime with which he is charged. We do not find it necessary to rule upon this ground inasmuch as reversal has already been indicated.
The order denying defendant’s motion for relief is reversed and the cause is. remanded with directions to enter an order for a new trial on all of the issues in this cause.
Reversed and remanded.