HENDRY, Chief Judge.
The defendant was tried without jury and convicted of the crimes of robbery and' grand larceny by unlawful use of a credit card. He was adjudged guilty and sentenced to ten years in the state penitentiary for the crime of robbery and one year for grand larceny by unlawful use of a credit card, the sentences to run concurrently.
The defendant contends that the state failed to establish a prima facie case of grand larceny by unlawful use of a credit card under § 817.481, Fla.Stat., F.S.A., since-there was no evidence in the record that the market value of the property or the service fraudulently obtained was $100.00’ or more.
*638 Section 817.481 provides in pertinent •part:
“(1) It shall be unlawful for any person knowingly to obtain or attempt to obtain credit, or to purchase or attempt to purchase any goods, property or service * * * by the use of any credit card * * * of another without the authority of the person to whom such card * * was issued * * *.
“(3) (a) If the value of the property, goods, or services obtained or which are sought to be obtained in violation of this section is one hundred dollars ($100.00) •or more, the offender shall be deemed •guilty of grand larceny * *
The defendant rented an automobile from Avis Rent-A-Car, Inc. The defendant produced an Avis credit card and other identification cards in the name of Shadrach 'Odom. A rental contract was signed in the •name of Shadrach Odom. Shadrach Odom •testified that he did not give the defendant or anyone else permission to use his Avis credit card to rent the automobile in •question, nor did he sign his name to the ■rental contract. An employee of Avis testified that the defendant said he would use the automobile for approximately one week ■and that it was very important that the contract reflect this fact.
On the following day the automobile was returned after the defendant was arrested for the commission of a robbery. The total rental charge for one day’s use was $45.33 of which the mileage fee was $27.20. The rental charge for one week as listed on the contract would have been $80.00 plus a mileage fee of 16^ per mile.
Defendant sought to rent the automobile for one week and was frustrated in this by his arrest. What he sought to obtain was of the value of $80.00 plus a mileage fee. The mileage fee for miles actually traveled was $27.20. Since the value of that sought to be obtained plus the mileage fee actually obtained exceeded the sum of $100.00, the state did establish a prima facie case of grand larceny by unlawful use of a credit card.
Defendant has contended that the trial judge abused his discretion in not permitting a witness to testify as to the defendant’s character when said witness remained in the courtroom after the rule had been invoked.
It has not been made to appear that the trial judge abused his discretion in refusing to permit the witness to testify and his action will not be disturbed. Young v. State, Fla.App.1957, 99 So.2d 304.
Accordingly, the judgments appealed from are affirmed.
Affirmed.