SMITH, CULVER, Associate Judge.
This is an appeal from a judgment and sentence imposed on appellant in the lower Court following a jury verdict of guilty. Appellant had been charged with assault to murder in the second degree, one William Wright, Jr.
The facts bearing on this point are these: Wright, Jr., testifying for the State on direct examination, stated that about noon on the day in question he was upstairs over his father’s filling station, heard a commotion, and looked out of the window. He saw the appellant and a person he knew as Mrs. Ferguson. Then came the following question and answer:
“What was Mrs. Ferguson doing?
“She was down on the ground and he was standing on top of her.”
Appellant’s counsel requested that this question and answer be stricken and the State Attorney said:
“I will agree that it be stricken at this time.”
Thereafter, the witness testified concerning his running downstairs because of threats made by appellant to Wright, Sr., the witness’ father, and about the assault on him. All of the events took place within a period of a few minutes.
Appellant’s position is that the trial Court erred in denying his motion for mistrial made in the absence of the jury, but before they retired for deliberation. During the State’s argument, mention had been made that the appellant was beating the Ferguson woman. His counsel thereupon objected, the objection was sustained, and the jury was instructed to disregard the statement. The motion for a mistrial was then made and was denied.
The closing arguments were not transcribed, and all that appears in the record is the following statement made by the trial Court.
“All I have stated is that I recollect mention was made by counsel for the State in his argument that the defendant was beating the Ferguson woman and that’s all I recall about it and the objection was made at that time and the Court did sustain the objection and told the Jury to disregard that statement made by counsel. In addition to your motion having been made for a mistrial and that having been denied by the Court. That’s all I know about it, Mr. Hobbs.”
*922 The burden is on the appellant to clearly show reversible error in the trial Court’s refusal to grant a mistrial on the basis of remarks made to the jury in closing argument. The record is not sufficiently complete in this regard for us to hold that the trial Court committed reversible error. Lang v. State, 137 Fla. 128, 187 So. 786. Actually, the subject complained of in the instant case was a part of the incident upon which the charge against appellant was based, and the record contains ample evidence to sustain the conviction.
The judgment of the lower Court is affirmed.
LILIES, C. J., and HOBSON, J., concur.