Robert COLLINS, Appellant,

v.

STATE OF FLORIDA, Appellee.

No. 24885.

United States Court of Appeals
Fifth Circuit.

Jan. 12, 1968.

James J. Hogan, Miami Beach, Fla., for appellant.

James T. Carlisle, Asst. Atty. Gen., Vero Beach, Fla., for appellee.

Before BELL, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

Robert Collins takes this appeal from the district court's denial without a hearing of his petition for a writ of habeas corpus. Represented by appointed counsel, Collins was tried and convicted in the state courts of Florida of first degree murder and was sentenced to life imprisonment. No notice of appeal was filed. However, a *pro se* motion to vacate sentence under Criminal Procedure Rule

1, F.S.A. ch. 924 Appendix, of the Florida Supreme Court was filed with the trial court. The motion was denied and the Florida appellate court affirmed.[1] Collins thereafter filed a petition for a writ of habeas corpus with the Supreme Court of Florida, which was denied without opinion.[2] In his Rule 1 motion Collins alleged, among other things, that his appointed counsel was incompetent in that he had neither moved for a new trial nor prosecuted a direct appeal. This was the sole ground on which he sought relief when he filed a petition for a writ of habeas corpus in the district court. There Collins alleged that he had requested his appointed counsel to appeal but that the attorney refused, and that he had not been advised of his absolute right to appeal and of his right to counsel on appeal. The district court, without issuing a show-cause order or holding an evidentiary hearing, denied the petition stating that "examination of the record \* \* \* shows that petitioner did in fact appeal and that he was represented by counsel at the trial and on appeal." We granted a certificate of probable cause and this appeal ensued.

 Collins contends, and the state concedes, that his petition for a writ of habeas corpus alleges facts which, if true, entitle him to relief. Edge v. Wainwright, 5 Cir. 1965, 347 F.2d 190; Wainwright v. Simpson, 5 Cir. 1966, 360 F.2d 307. The state also concedes that the district court made a factual error in determining that a direct appeal had been taken. A Rule 1 motion is not equivalent to an appeal. Cf. Wainwright v. Simpson, supra. Therefore, the cause is not moot as the court below held, and Collins is entitled to an evidentiary hearing on the factual allegations in his habeas corpus petition.

■ The state's argument that habeas corpus is not proper for failure to exhaust state remedies is without merit. It is clear from the record that the basis for

this petition, i. e., the failure to prosecute an appeal resulting in denial of the effective assistance of counsel, has been presented to the state courts.

Reversed and remanded.

---

1. Collins v. State, Fla.App.1965, 179 So.2d 423. Collins was represented by appointed counsel on this appeal.

2. Collins v. State, Fla.1966, 188 So.2d 311.