PER CURIAM.
The State of Florida brings this appeal from an order granting appellee’s motion to quash an amended information.
The quashed information charged appel-lee in two counts with leaving the scene of an accident involving injury. Count One alleged that appellee,
“ * * * while operating or being in charge of a motor vehicle then and there being driven along State Road No. 55, * * * did strike and injure a vehicle operated by DOUGLAS JOHN DAVIDSON, thereby causing injury to DOUGLAS JOHN DAVIDSON, a human being, and without stopping to render aid to the person injured or put in jeopardy thereby, did unlawfully depart from the scene of such accident; contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Florida.”
Count Two alleged that appellee,
“ * * * while operating or being in charge of a motor vehicle then and there being driven along State Road No. 55, * * * did strike and injure a vehicle operated by DOUGLAS JOHN DAVIDSON, thereby causing injury to DOUGLAS JOHN DAVIDSON, a human being, and without stopping and making known to the persons present his full, true and correct name and address, did unlawfully depart from the scene of such accident; contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Florida.”
Appellee’s motion to quash submitted the following six grounds:
“1. Said Amended Information and each count thereof, is so vague, indefinite and uncertain in its allegations as to hamper and embarrass the Defendant in the preparation of his defense.
“2. Said Amended Information and each count thereof, fails to state any offense under the laws and statutes of the State of Florida.
“3. Said Amended Information and each count thereof, is worded in such a vague and indefinite manner as to not protect the Defendant from subsequent charges for the same alleged offense.
“4. Said Amended Information and each count thereof, is attempted to be brought under a State Statute or Statutes that are invalid and unconstitutional.
“5. That said Amended Information and each count thereof, is bad in duplicity.
“6. That the statutes under which said counts are attempted to be framed while purporting to be a penal statute is so vague and incomplete in its allegations and in its requirements that the same is rendered unconstitutional and invalid.”
The court below specifically granted the motion as to grounds 3 and 5 and denied it as to grounds 1, 2, 4, and 6. The State contests the correctness of such ruling.
To determine the merit of ground 5 of the motion to quash, i. e., that the information and each of its counts are duplicitous, we must examine the statute which appellee allegedly violated, namely, Section 317.071 of the Florida Statutes (1965), F.S.A. Section 317.071, in pertinent part, provides:
“(1) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of § 317.091. * * *
“(2) Any person failing to stop or to comply with said requirements under such circumstances shall, upon conviction, be guilty of a felony * *
Subsection (2) provides two alternative means by which the statute can be violated: failing to stop altogether and failing to *695 comply with the requirements of Section 317.091. (Section 317.091 lists five requirements.)
Count One of the information quashed below alleges that appellee failed to stop to render aid to the person injured in the accident. Count Two alleges that he failed to stop to give his name and address to the persons present. Rendering aid to injured persons and giving one’s name and address to persons involved are two of the five requirements set out in Section 317.091. In effect, each of the two counts alleges that appellee failed to stop and that he failed to comply with the requirements of Section 317.091, thus charging conjunctively what Section 317.071 denounces disjunctively. Where a statute provides that either of two acts constitutes a crime, a count which charges the commission of both acts is not duplicitous. Miles v. State, 1948, 160 Fla. 523, 524-525, 36 So.2d 182, 183; Holder v. State, 1939, 136 Fla. 880, 881-882, 187 So. 781-782; Davis v. State, 1939, 137 Fla. 151, 152-153, 187 So. 761-762. Therefore, neither count of the information quashed below is duplicitous. See Williamson v. State, 1945, 155 Fla. 477, 478-479, 20 So.2d 482, 483.
We have seen that both counts charge violation of the same offense arising out of the same occurrence. They differ only as to the specific requirement of Section 317.091 with which appellee allegedly failed to comply. The fact that they charge the identical offense in different language does not render the information as a whole vulnerable to a motion to quash, although the imposition of two sentences would be error. See Mixon v. State, Fla.1951, 54 So.2d 190, 192-193; Horner v. State, Fla.App.1963, 149 So.2d 863, 864-865.
Since neither the information as a whole nor either of its counts is duplicitous, ground 5 of appellee’s motion to quash was insufficient.
In support of ground 3 of said motion, i. e., that the information and its counts are so vaguely worded as to expose him to subsequent charges for the same offense, appellee alludes to the five requirements of Section 317.091. He points out that the information alleges the failure to comply with two of said requirements and that there is nothing to prevent the State from later charging failure to comply with one or more of the three remaining requirements. However, the information clearly indicates what crime is charged and what incident constituted the alleged commission of said crime. If a subsequent charge of the type feared by appellee were to' materialize, it could be determined with little or not trouble whether such charge is barred by a former prosecution under the information before us. Regardless of whether the wording of said information could have been better, it is sufficiently clear to protect appellee from any substantial danger of double jeopardy and, thus, to withstand the attack embodied in ground 3 of appellee’s motion to quash.
Thus far we have determined that the grounds on which the court below quashed the information in question were insufficient. However, our task has not ended. If the lower court would have been justified in quashing the information on any of the other grounds submitted by appellee in his motion, we must affirm. See Green v. Burns, Fla.1958, 102 So.2d 610, 612-613. The fact that appellee has not cross-assigned as error the denial of his motion as to grounds 1, 2, 4, and 6 is immaterial. See Cerniglia v. C. & D. Farms, Inc., Fla.1967, 203 So.2d 1, 2-3; Hall v. Florida Bd. of Pharmacy, Fla.1965, 177 So.2d 833, 835. Consequently, we turn to a consideration of those four grounds.
Our discussion concerning- the sufficiency of ground 3 foretells our conclusion with regard to ground 1. We stated that the information is sufficiently clear to protect appellee from any substantial danger of double jeopardy. It is likewise sufficiently clear so as not to hamper and *696 embarrass him in the preparation of a defense. Ground 1, thus, was insufficient.
With regard to ground 2, each count of the information alleges every element essential to the commission of an offense as defined in Section 317.071: operation of a vehicle, involvement in an accident resulting in personal injury, and failure to stop. Accordingly, ground 2 of appellee’s motion to quash was also insufficient.
Because the remaining grounds, 4 and 6, attack the constitutionality of Section 317.071, and because of certain of the circumstances involved in this appeal, we are confronted with the additional problem of whether it would be proper for this court to consider the merits of such grounds. If we could dispose of this appeal without considering the validity of the aforementioned statute, we would be compelled to do so. See Mounier v. State, Fla.1965, 178 So.2d 714, 715. However, we have considered all the other grounds, and the appeal turns on the constitutionality of said statute.
This problem is clearly not one of jurisdiction. The Supreme Court ordinarily has jurisdiction over an appeal from a judgment of a trial court “directly passing” upon the constitutionality of a statute. Fla.Const. art. V, secs. 4(2), 5(3), F.S.A. It will exercise such jurisdiction, however, only where that portion of the appealed judgment which passes upon the validity of such statute is soug-ht to be reviewed. City of Miami v. Steckloff, Fla.1959, 111 So.2d 446, 447; McNevin v. Baker, Fla.App.1964, 170 So.2d 66, 67 n. 1. Here, whether it be because the lower court did not directly pass on the validity of Section 317.071 or because the State has not raised such issue on appeal, this court has jurisdiction over this appeal. Thus, the problem here does not involve our power to consider the constitutional issue already before us, rather the propriety of our doing so.
It is readily apparent upon a reading of Article V, section 4(2), of the Florida Constitution that one of the intended predominant functions of the Supreme Court is to pass ultimately upon the written law, i. e., statutes, treaties, and constitutional provisions. See Stein v. Darby, Fla.App.1961, 126 So.2d 313, 315, certs. denied, Fla.1961, 134 So.2d 232. At the same time, Article V, section 4(2), provides that a decision of a district court of appeal may be appealed to the Supreme Court as a matter of right only if such decision initially passes upon the validity of a statute or treaty or initially construes a controlling provision of the Florida or federal constitution. These two concepts indicate an intent that the district courts of appeal never be in a position to pass other than initially upon the validity of a statute, lest an important constitutional function of the Supreme Court be usurped. Yet an appellate court’s disregard of determinative issues raised in the course of an appeal over which it has properly acquired jurisdiction is not compatible with logic and expediency.
The inescapable conclusion is that a court has not directly passed upon the validity of a statute, within the intended meaning of Article V, Section 4(2), unless its ruling thereon forms an actual basis for its ultimate decision in the case. In the case sub judice the lower court’s ultimate decision was to quash the information and was to no extent based upon the issue regarding the constitutionality of Section 317.071. The court’s express denial of the motion to quash as to grounds 4 and 6 (as well as to grounds 1 and 2) was superfluous. Accordingly our consideration of the merits of grounds 4 and 6 will constitute the initial ruling on the validity of Section 317.071, and we proceed to a consideration of that issue upon the theory that there exists the right of appeal to the Supreme Court from our decision.
Appellee’s specific attack below on the constitutionality of Section 317.071 alluded *697 to its requirement that “[t]he driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop * * (Emphasis added.) Appellee conceded that the statute would be constitutional if the emphasized words had been omitted by the Legislature. He asserted, however, that their inclusion makes unclear the specific burden placed upon a driver who is involved in an accident; i. e., is he required to stop to determine whether someone has been injured, or does his obligation to stop turn on the fact of injury or death? Ap-pellee conceded that the Legislature probably intended the former, but he urged that the statute, as a penal statute, does not make such intention sufficiently clear.
Standing alone, Section 317.071 might, indeed, be unconstitutionally indefinite. However, it is in pari materia with Section 317.081, and consequently the two should be construed together. See State ex rel. Gaines Constr. Co. v. Pearson, Fla.1963, 154 So.2d 833, 836, 7 A.L.R.3d 601; State ex rel. McClure v. Sullivan, Fla.1949, 43 So.2d 438, 441. To do otherwise would be to adopt a construction that defeats the obvious intention of the Legislature. See George v. State, Fla.App.1967, 203 So.2d 173, 176; State v. Hooten, Fla.App.1960, 122 So.2d 336, 339.
Section 317.081 provides:
“The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property which is driven or attended by any person shall immediately stop * * * and in every event shall remain at the scene of such accident until he has fulfilled the requirements of § 317.091. * * * ” (Emphasis added.)
When read together Sections 317.071 and 317.081 are sufficiently explicit, when measured by common understanding and practices, to convey a definite warning as to what conduct will constitute a violation thereof. As such, they satisfy constitutional due process requirements. See McArthur v. State, Fla.1966, 191 So.2d 429, 430; State v. Hooten, supra, 122 So.2d at 339; City of St. Petersburg v. Calbeck, Fla.App.1959, 114 So.2d 316, 320. Grounds 4 and 6 of appellee’s motion to quash were insufficient.
In sum, we have found that the court below erroneously granted appellee’s motion to quash on the basis of grounds 3 and 5 thereof and that grounds 1, 2, 4, and 6 thereof would likewise have been insufficient. Accordingly, we vacate the order granting appellee’s motion to quash and remand for reinstatement of the amended information and for further proceedings thereon.
Reversed and remanded.
LILES, C. J., and ALLEN and HOB-SON, JT., concur.