SPECTOR, Judge.
On May 17, 1968, Amos Carlton Thomas, also known as A. C. Clark, was found guilty by a jury on the charge of uttering a forged instrument. Timely notice of appeal was filed by Thomas. However, the said notice was defective in that the same failed to meet the requirements of Florida Appellate Rule 3.2(c), 32 F.S.A. Accordingly, the State moved to dismiss said appeal on July 8, 1968, by reason of such defect. Perceiving that the notice of appeal did fail to meet the requirements of the cited rule as contended by the State, yet being of the view that the things and matters contended by Thomas were deserving of our consideration, this court entered its order on December 3, 1968, denying the State’s motion to dismiss but ordered the matter to proceed in this court as a petition for writ of habeas corpus. See Hollingshead v. Wainwright, Fla., 194 So.2d 577.
Appellant-petitioner presents two questions for our consideration. First, he contends that he was denied the right to private counsel of his choosing and, secondly, that the trial judge committed error by permitting evidence of like crimes allegedly committed by him though they were unrelated to the crime charged.
On the day of appellant-petitioner’s trial, when the case was called by the presiding judge, there appeared in behalf of the defendant Honorable Norris Wool-fork, an attorney from Orlando, who advised the court that he had consulted with both the prosecutor and the public defender and advised them that he was there as counsel for the defendant. Mr. Woolfork then filed a motion for continuance on the ground that he had been retained by defendant’s mother that morning and that he was not prepared to go to trial. Thereupon there ensued a conference before the trial judge during which the trial court’s docket on the case was shown to Mr. Woolfork. The docket reflected that some sixteen and one-half months earlier, when defendant appeared for arraignment, the defendant refused the services of the public defender’s office stating to the court that he had private counsel. A few days later, on January 24, 1968, he advised the court that he was represented by Honorable Sam Murrell, another Orlando attor *393 ney. Accordingly, his arraignment was scheduled five days later on January 29, 1968, so that on the day of arraignment the defendant would have the benefit of his privately chosen counsel. On that day of arraignment, defendant did not appear and his bond was estreated and a capias issued for him. He was finally produced before the trial court by the sheriff on February 14, 1968, and the public defender was appointed to represent him since no private attorney appeared in his behalf. Finally, on March 12, 1968, his fifth appearance before the trial court, the defendant was finally arraigned while represented by the public defender and a not guilty plea was entered. Trial was set for April 10, 1968, but on that date the defendant requested a continuance on his representation that a vital witness had not appeared. The motion for continuance was granted. The trial was reset for May 16, 1968, on which date the public defender appeared and was ready for trial, having all of the witnesses to be called in behalf of defendant present in the courtroom. It was at this point that the appearance of Mr. Woolfork was made, coupled with yet another motion for continuance. There seems to be some question as to whether said motion for continuance was denied by the court or withdrawn by Mr. Woolfork, but this distinction is of no moment to us. If it was withdrawn by Mr. Woolfork, such withdrawal was not improper in view of his observation of the court docket reflecting the numerous earlier appearances and continuances granted in behalf of the defendant. On the other hand, if the motion was denied by the court, that too was not an erroneous disposition of the motion since the granting or refusal to grant a continuance is a matter within the discretion of the trial judge. Neufield v. United States, 73 App.D.C. 174, 118 F.2d 375, cert. denied Ruben v. United States, 315 U.S. 798, 62 S. Ct. 580, 86 L.Ed. 1199, 12 Am.Jur. 448-471; French v. State, 161 So.2d 879 (Fla.App.1964); Vitiello v. State, 167 So.2d 629 (Fla.App.1964).
No abuse of discretion has been shown by appellant-petitioner’s failure to obtain a further continuance and such a showing must be made before an appellate court will intercede. Quite to the contrary, the record here reflects that the trial court was quite liberal with the opportunities which were afforded the defendant to secure private counsel.
The remaining question to be considered centers upon the admission of evidence showing that the defendant resorted to the same type of trickery to cash forged checks on another occasion as he did on the occasion which gave rise to the charge in this case. His modus operandi was simply to tender a forged check in connection with the payment for a small pre-existing debt or a small purchase and then obtain his booty in the form of the change remaining after acceptance of the check. The crime charged involved the cashing of a check, purportedly a payroll check, at a small market. Mary Briggs, the victim, positively identified the defendant as the person who cashed the check in question. The extraneous evidence of which defendant complains consisted of testimony by an insurance agent to the effect that a few days earlier he sold an insurance policy to the defendant (again positively identified) and cashed a forged check for the defendant, a small portion of which was used to pay for the insurance premium. No error was committed in receiving evidence of the insurance transaction since it is well within the rule enunciated by the Supreme Court in Williams v. State, 110 So.2d 654. Our review of the record herein, together with the briefs and arguments, convinces us that the judgment of conviction and sentence thereon were properly entered and that appellant has failed to demonstrate any basis either for a reversal on his appeal or, alternatively, for the issuance of a writ of habeas corpus.
RAWLS, Acting Chief Judge, and JOHNSON, J., concur.