OWEN, Judge.
This case comes to us in the form of a direct appeal, the notice of which was not timely filed and therefore confers no appellate jurisdiction upon this court. However, the judicial history of this case discloses that appellant is entitled to delayed appellate review which is properly afforded through means of petition for writ of habeas corpus in this court. Baggett v. Wainwright, Fla., 229 So.2d 239, opinion filed November 25, 1969; Powe v. State, Fla. 1968, 216 So.2d 466; Hollings-head v. Wainwright, Fla. 1967, 194 So.2d 577. Because in this particular case the entire record is before us, and it has been heretofore determined factually by petition for writ of habeas corpus in the federal courts that appellant’s constitutionally protected right to direct appeal was frustrated when his court appointed counsel failed or refused to prosecute the direct appeal, we exercise the prerogative of treating the present appeal as an original petition for writ of habeas corpus, in order to afford appellant-petitioner Robert Collins delayed appellate review. Baggett v. Wainwright, supra; Thomas v. State, Fla.App. 1969, 223 So.2d 391.
In 1963 Robert Collins was indicted for first degree murder. Represented by court appointed counsel, Collins was tried and convicted and upon recommendation of mercy was sentenced to life imprisonment. The judgment and sentence were both entered March 6, 1964. Neither a motion for new trial nor notice of appeal was filed within the time prescribed by law. However, a pro se motion to vacate sentence was filed and the order denying it was affirmed. Collins v. State, Fla.App.1965, 179 So.2d 423. Collins thereafter filed a petition for writ of habeas corpus in the Supreme Court of Florida, which was denied without opinion. Collins v. State, Fla. 1966, 188 So.2d 311. Collins then filed petition for writ of habeas corpus in the federal district court alleging that he had requested his appointed counsel to appeal but that the attorney refused, and that Collins had not been advised of his absolute right to appeal and of his right to counsel on appeal. The denial of the petition by the federal district court was reversed by the Fifth Circuit Court of Appeals. Collins v. State of Florida, 5 Cir.1968, 387 F.2d 636. Upon remand the federal district court considered the petition for writ of habeas corpus on its merits and after full hearing entered its order of September 4, 1968, requiring the State of Florida (within 120 days from the date of the order) to provide the petitioner with an appeal from the judgment of conviction of first degree murder, or in lieu thereof to provide the petitioner with a new trial. Such order expressly provided that should the State of Florida fail to comply with either of these alternatives, the court would consider discharging the petitioner from custody.
Bolstered by the order of the federal district court, Collins’ court-appointed counsel filed in the Circuit Court of Palm Beach County, Florida, on October 29, 1968, a motion for new trial asking the court to vacate the jury verdict of January 13, 1964, and the judgment and sentence entered on March 6, 1964. The state trial court, noting that such motion was not timely and that on the merits it was not well-founded, denied the same by an order entered December 11, 1968.
*713 The motion for new trial was not timely filed and therefore did not affect the time within which an appeal could be taken. Murray v. State, Fla.App.1966, 191 So.2d 292. The notice of appeal, filed more than four years after the judgment was rendered and sentence entered, confers no jurisdiction upon this court to exercise direct appellate review. As herein-before noted, we treat the present appeal as an original petition for writ of habeas corpus in order to afford Robert Collins the constitutionally protective right to appellate review of the merits of his conviction on the charge of first degree murder.
Collins was indicted and tried jointly with Gussie Mae Williams and Levon Clark. During the course of the trial, court reporter statements taken from each of the three defendants were read into the record and in addition, two witnesses testified concerning oral statements made by the co-defendant, Levon Clark, which implicated Collins as the one who committed the alleged killing. The three written statements were subsequently admitted into evidence. Collins and co-defendant Gus-sie Mae Williams each testified in their own behalf but the co-defendant Levon Clark did not testify.
 The first point raised is that the admission into evidence of the written statement of co-defendant Levon Clark, and the testimony of statements made by co-defendant Levon Clark, which implicated Collins, violated Collins’ rights under the Sixth Amendment to the Constitution of the United States. Petitioner’s position is supported by Bruton v. United States, 1968, 391 U.S. 123, 88 S.Ct. 1620, 20 L. Ed.2d 476 and Roberts v. Russell, 1968, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100. However, not all trial errors which violate the constitution automatically call for reversal, Chapman v. California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. In the case of Harrington v. California, 1969, 395 U.S. 250, 89 S.Ct. 1726, 23 L. Ed.2d 284, in a factual situation quite similar to the case at bar, it was held that the use of confessions of non-testifying co-defendants would not require reversal where the evidence supplied through such confessions was merely cumulative and the other evidence against the defendant was so overwhelming that the court could conclude beyond a reasonable doubt that the violation of the defendant’s constitutional rights constituted harmless error. We are thus called upon to determine whether the incriminating statements made by or attributed to the non-testifying co-defendant, Levon Clark, the admission of which violated petitioner’s Sixth Amendment rights, were so cumulative in nature and the evidence against the petitioner otherwise so overwhelming, that we can conclude beyond a reasonable doubt that such constituted harmless error.
Petitioner’s written statement, including his admission that he killed the victim, together with his own trial testimony, fully implicated himself. The written statement of Levon Clark, and the testimony of alleged oral statements made by him, were merely cumulative of and less incriminating against petitioner than the statement and testimony of petitioner or the statement and testimony of the testifying co-defendant, Gussie Mae Williams. We have no difficulty in concluding that this denial of petitioner’s constitutional rights was harmless error beyond a reasonable doubt.
Petitioner Collins was arrested August 16, 1963, the day following the alleged murder. Almost immediately following his arrest he was interrogated by the state’s attorney in the presence of several officers and a court reporter. The interrogation was transcribed verbatim and subsequently read to and signed by Collins. At its commencement the state’s attorney fully identified himself and those with him, explaining the nature of the investigation which was being conducted, and advised Collins that he did not have to make any *714 statement unless he wished to do so freely and voluntarily, in which event such statement would be used against him. Petitioner was then asked if he was willing to give a statement at that time to which he responded in the negative. However, petitioner was then asked other questions to which he freely and voluntarily responded.
The second point raised is that where an accused states that he does not wish to give a statement to an interrogating officer, a statement acquired thereafter by further questioning may not be admitted into evidence. Petitioner relies upon the case of United States v. Nielsen, 2 Cir.1968, 392 F.2d 849. However, the holding in United States v. Nielsen, supra, is not applicable to this case, the trial of which was conducted in January, 1964. This date was prior to the decision in Escobedo v. Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, and therefore the test to be applied is whether the incriminating statement made by appellant and used against him at trial was voluntarily made. See Paulk v. State, Fla.App.1968, 211 So.2d 591. It .is clear that the statement made by Collins, even though he initially stated that he did not wish to make a statement, was completely voluntary within the meaning of Paulk v. State, supra, and there is no contention made by petitioner that the statement was compelled by violence, promises or threats. In fact, petitioner himself acknowledged during trial that no one coerced him in any way to subsequently change his statement (the following day) so as to admit that he had in fact killed the victim. The admission of the statement into evidence was not error.
Having considered the merits of the alleged trial errors and finding that the petitioner is not being unlawfully detained, the petition for writ of habeas corpus is denied.
McCAIN, J., and ADAMS, ALTO (Ret.), Associate Judge, concur.