CROSS, Chief Judge.
We treat Daniel Raymond Berriel’s present untimely appeal from a judgment of an adjudication of guilt for the crime of robbery, which imposed a life sentence, as a petition for a writ of habeas corpus. Petitioner’s constitutional right to an original direct appeal was frustrated when his court-appointed counsel failed to prosecute the appeal. The entire record of the trial proceedings is before us, briefs on behalf of each party have been filed, so we afford the Petitioner-Berriel review equivalent to an original direct appeal. Collins v. State of Florida, Fla.App. 4th District, 230 So.2d 711, opinion filed January 26, 1970; Baggett v. Wainwright, Fla.1969, 229 So.2d 239; Powe v. State, Fla. 1968, 216 So.2d 446; Hollingshead v. Wainwright, Fla. 1967, 194 So.2d 577.
The Petitioner-Berriel and two other co-defendants on December 19, 1963, were charged by information with the crime of robbery. At arraignment on December 26, 1963, the petitioner was represented by privately retained counsel and entered a plea of not guilty. Subsequent to arraignment, the petitioner’s private counsel withdrew, and on February 4, 1965, the public defender was appointed to represent the petitioner.
The trial was scheduled for February 9, 1965. On February 8, 1965, one day *165 before trial the public defender by written motion moved for a continuance. The motion was denied. During trial, which commenced on February 9, 1965, petitioner’s former privately retained counsel participated in the trial on behalf of one of the co-defendants.
At the conclusion of the trial on February 10, 1965, the jury returned a verdict of guilty for the crime of robbery as charged in the information against the petitioner. The trial court adjudged the petitioner guilty and imposed a life sentence. On February 15, 1965, petitioner by written motion moved for a new trial. The motion was denied. Notice of appeal and assignment of error were subsequently filed, albeit unseasonably, in an abortive attempt to appeal the judgment and sentence.
The petitioner’s appeal having been frustrated, he then instituted proceedings under Rule 1.850 Cr.P.R., 33 F.S.A., and having exhausted those remedies, sought a writ of habeas corpus in the Federal Court, Southern District of Florida, which court on October 11, 1968, entered an order that the State of Florida provide the petitioner with a review of his conviction, such review to be either a regular or extraordinary proceeding but not a proceeding under Rule 1.850 Cr.P.R. Such order expressly provided that should the State of Florida fail to comply with these alternatives, the federal court would be obligated to issue the writ sought by the petitioner and grant his release from custody. Thereafter present counsel for the petitioner was appointed, who instituted this proceeding.
The petitioner raises two points for consideration. First, petitioner asserts that he was denied effective assistance of counsel at his trial in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States by the action of the trial court in denying his motion for continuance on the ground that the court-appointed attorney had not had sufficient time to properly prepare a defense.
It is generally accepted that the granting or refusal to grant a continuance is a matter within the discretion of the trial court. Vitiello v. State, Fla.App. 1964, 167 So.2d 629; French v. State, Fla.App. 1964, 161 So.2d 879. This rule apparently developed by virtue of the trial court’s closeness and intimacy with the circumstances of a case, and to warrant a reversal, a showing must be made of a palpable abuse of judicial discretion. Acree v. State, 1943, 153 Fla. 561, 15 So.2d 262.
The courts of this state have not determined any specific time period which would make a difference between there being considered an adequate, fair and reasonable opportunity to prepare for trial and the period of time that is inadequate. In Reed v. State, 1927, 94 Fla. 32, 113 So. 630, the Supreme Court of Florida affirmed the conviction of first degree murder where the defendant was indicted one day and tried the next and convicted.
In the instant case the court-appointed attorney for the defendant had five days from his appointment until the time of trial to prepare and champion the defendant’s cause. While this might not be a lengthy period of time, the record reveals it was sufficient under the circumstances of this case. Petitioner’s former counsel participated in the trial on behalf of a co-defendant and from all it appears petitioner’s counsel was not denied use of the former counsel’s preparation for trial in preparing his defense. We find no abuse of judicial discretion.
Secondly, petitioner asserts that the admission into evidence over his objections of a confession made to the police by him violated the petitioner’s constitutional rights as guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States. In essence, the defendant contends that admission of his confession into evidence violated Escobedo *166 v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.
The Supreme Court of Florida in State v. Outten, Fla.1968, 206 So.2d 392, confronted with the edicts in Escobedo, determined that a confession or admission obtained from a suspect is inadmissible when all of the following elements are shown: (1) the investigation ceases to be a general inquiry and begins to focus on a particular suspect, (2) the suspect has been taken into police custody, (3) the police carry out a process of interrogation that lends itself to eliciting incriminating statements, (4) the suspect has requested and been denied an opportunity to consult with his lawyer, and (5) the police have not effectively warned him of his right to remain silent.
The confession or admission received in evidence in the instant case clearly does not contain all the necessary elements alluded to in Outten; specifically (5), the police had not effectively warned him of his right to remain silent. The record reveals at page 171 on direct examination of Officer 'Cannon the following:
“THE WITNESS: I told Danny that he had been identified in the line-up, and I asked him for his side of the story as to what happened. I told him he didn’t have to make any statement unless he wanted to, and any statement he did make could be used against him in a court of law.”
The admission itself, which was proffered into evidence, on page 177 of the record reveals the following:
“Q Danny, you realize that I am Jack Cannon and this is John Coleman. We are members of the Fort Lauder-dale Police Department. You do not have to make any statement unless you want to. Any statement you do make can be used against you in a court of law. You are entitled to legal counsel if you want it.
“A Yes.”
The adequate warning of the right to remain silent given to the defendant makes Escobedo inapplicable. Review of the record reveals that the confession was properly obtained and was admissible into evidence, and that it was voluntarily given by the defendant of his own volition.
Accordingly, no error of the trial court having been made to appear in which petitioner is being unlawfully detained or a new trial warranted, the Petition for a Writ of Habeas Corpus is denied.
Habeas Corpus denied.
McCAIN and OWEN, JJ., concur.