PER CURIAM.
Defendant-appellant Pieze appeals the conviction and sentence imposed pursuant to a jury verdict finding him guilty on a charge of robbery. His sole point is that he was deprived of his constitutional rights by the exclusion of an essential defense alibi witness for that person’s violation of the witness rule. We find no impairment of his constitutional rights and affirm the conviction.
Two witnesses for the state identified the defendant as one of two persons that *443 had held them up on June 27, 1969. ' The witnesses made identifications on the basis of photographs shown to them by police officers. The defendant, who was nineteen at the time of trial, testified in his own behalf. He claimed that he was at home tending to his sick mother on the day in question. He also denied ever having gone to the bar in question.
At the outset of the trial, the defendant unqualifiedly invoked the witness Yule. Defendant’s mother was not allowed to testify as to his whereabouts because she had violated the witness rule. According to her own testimony, she had been sitting in the courtroom during most of the trial. See generally § 932.38, Fla.Stat., F.S.A. Defendant relies principally upon Washington v. Texas (1967), 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 and Cacciatore v. State, Fla.App. 1969, 226 So.2d 137.
We apply the reasoning in Cacciatore v. State, Fla.App. 1969, 225 So.2d 137, 139-140. The Sixth Amendment right to offer the testimony of witnesses and to compel their attendance is applicable to state prosecutions. Washington v. State (1967), 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019. By unqualifiedly invoking the witness rule, the defendant’s counsel waived any absolute right to call witnesses who violated the rule, even a parent. Thus, assuming arguendo that the exclusion infringes upon an absolute constitutional or statutory right, the infringement, if any is brought about solely by the action of the defendant. Furthermore, defendant has failed to demonstrate an abuse of discretion in excluding a witness for violation of the witness rule. See generally, VI Wigmore, Evidence § 1838, pp. 352 et seq. (3d ed., 1940).
As further authority, we quote from Lang v. State, 137 Fla. 128, 187 So. 786, 787:
“The second question is, ‘Did the court commit error in refusing to allow the mother of the accused to testify in support of defendant’s claimed alibi after the defendant had invoked the rule as to exclusion of witnesses and after the proposed witness had remained in the court room throughout the trial, hearing the witnesses for and against the defendant, and was then offered as a witness to further sustain the claim of alibi?’ This was a matter to be determined in the sound judicial discretion of the trial court. Under the facts as shown by the record before us, we cannot say that reversible error was committed. We may say, however, that the better practice is to allow parents of minor defendants who are placed on trial to remain in the court room with such minor defendants during the trial and to allow them to testify under the rules of evidence, regardless of the fact that witnesses generally have been excluded from the court room.”
See “Annotation, effect of witness’ violation of order of exclusion,” 14 A.L.R.3d 16; VI Wigmore, Evidence § 1838, p. 352 et seq. (3d ed., 1940).
For the reasons stated, the conviction is affirmed.
Affirmed.