PER CURIAM.
Appellant was informed against by a multiple count information in the criminal court on December 4, 1970. On December 29, 1970, the trial court appointed the public defender to represent her. Thereafter, she notified the trial court that she desired to have private counsel on January 15, 1971. She retained private counsel; thereafter was arraigned on January 27, 1971, pleaded not guilty and waived a jury trial. Then, on February 23, 1971, private counsel moved to withdraw from her representation because he “ * * * has been unable to communicate with Betty Brown Robinson and there has been a complete lack of cooperation from the Defendant.” Private counsel was permitted to withdraw. The trial was set for March 10, 1971, on which date the public defender appeared and was appointed to represent her. With the public defender present, the cause was continued from March 10, 1971 until April 20, 1971, at which time it came on for trial. The public defender’s office moved for continuance upon the ground of lack of time to adequately prepare the case, which was denied. The rule was invoked excluding witnesses from the trial courtroom and the trial proceeded.
During the trial, the defense attempted to call the defendant’s husband, who had sat in the courtroom notwithstanding that the rule had been invoked. The trial court refused to permit him to testify and, at the conclusion of all the evidence [after having granted a motion for acquittal as to one of the counts], found the appellant guilty as charged of the remaining counts.[1] This *31 appeal ensued, urging error in the failure to grant the continuance and in excluding the testimony of the husband. We affirm.
In determining whether or not error was committed in denying a motion for continuance, an appellate court is reviewing discretion exercised by a trial judge and his ruling thereon will not be disturbed unless an abuse of discretion is demonstrated on the record. Acree v. State, 153 Fla. 561, 15 So.2d 262; Matera v. State, Fla. App.1969, 218 So.2d 180; Thomas v. State, Fla.App.1969, 223 So.2d 391; Berriel v. State, Fla.App.1970, 233 So.2d 163. It is readily apparent from the record in the instant case that the appellant, by her own actions, contributed to the change of counsel prior to trial in this cause. The public defender’s office was on notice that he represented the defendant at least from March 10th until April 20th. The assistant public defenders who tried the case were given an opportunity to review the state attorney’s file prior to the commencement of the trial. Therefore, we find no basis to disturb the trial court’s ruling in denying the motion for continuance.
Turning to the ruling excluding the testimony of the husband, the defendant never notified her counsel that she intended to use her husband as a defense witness; in fact, the record clearly indicates that the defendant did not cooperate with either her privately retained counsel or the public defender’s office. Further, the record is susceptible to the view that the husband was in the courtroom when the judge announced the invocation of the rule and that all witnesses would have to step out of the courtroom. Notwithstanding such admonition in open court, the witness remained inside the courtroom. Under these circumstances, we do not find any abuse of discretion on the part of the trial judge in prohibiting this witness from testifying. Lang v. State, 137 Fla. 128, 187 So. 786; Pieze v. State, Fla.App.1971, 243 So.2d 442.
Therefore, the felony convictions here under review be and the same are hereby affirmed. And, following a review of a petition for rehearing [if filed] this cause will be transferred to the circuit court by appropriate clerk’s order for a review of the misdemeanor conviction.
Affirmed.

. One of which was a misdemeanor. At the conclusion of this proceeding, the cause will be transferred to the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, to consider the appeal from the misdemeanor conviction pursuant to Spina v. State, Fla.App.1966, 186 So.2d 808; Newbold v. State, Fla.App.1969, 229 So.2d 876; Byrd v. State, Fla.App.1971, 242 So.2d 726.