SMITH, Judge.
At issue on this appeal is whether the trial judge erred in excluding proffered defense testimony, by the youth arrested with appellant at the scene of the breaking and entering, that appellant neither broke nor entered the building with the witness. Holding that defense counsel had failed to respond properly to the State’s demand under Rule 3.200, R.Cr.P., for pretrial notice of the defendant’s intent to offer evidence of an alibi, the court excluded the critical testimony. In this the trial judge erred.
The State’s demand for notice of an alibi defense, answerable under the rule “not less than ten days before trial or such other time as the court may direct,” was not filed until eight days before the trial. The State made no application for an order requiring a written response before trial and none was made. The testimony in question was that of James Guinn, who was interro *693 gated on a proffer as follows by defense counsel until interrupted:
“Q How old are you, James?
A Sixteen.
Q Now, were you involved in this breaking and entering out at 2075 Liberty Street at approximately 11:30 p.m. on February 25th, 1975?
A Yes, sir, I was.
Q Now, has the juvenile court taken custody of this case ?
A Yes, sir. I was arrested and released from the juvenile shelter until the Court—
Q Now, are you still facing the charge over in the juvenile court?
A Yes, sir.
Q Now, did you — well, let me ask you this: Was Lloyd Harold Dunlap involved with you on this breaking and entering?
A No, sir.”
The trial court properly interrupted the proffer and appointed counsel for the youth when he stated he had no attorney. His appointed attorney privately advised the witness not to testify because anything he might say could be used against him. The prosecutor interjected, within the youth’s hearing: “Your honor, if I might add, it will be used against him.” The youth asserted his Fifth Amendment privilege and defense counsel moved for a continuance or a mistrial:
“At this time I would make a motion for a continuance or a mistrial due to the fact that the Defense counsel has been led by this witness to believe that he would take the stand and testify to the effect that my client was not involved in this break in.
“I have prepared the defense based upon what the expected testimony from this witness would be and am surprised that matters have taken this turn and almost our sole defense has been based upon the testimony of this witness. I would like the court at this time to grant a mistrial or continuance until I can get prepared to properly defend my client.”
Defense counsel assured the court that he had previously cautioned the youth concerning his Fifth Amendment privilege and of the possible consequences of his testifying at appellant’s trial:
“. . . I have at all times advised him that he could take the stand and testify and it could be used against him.
“He told me that he had already given the police a complete and full statement as to what happened and he knew that —and I told him that it could be used against him and he still said he was willing to testify on behalf of the Defendant.

“THE COURT: I thought I had already ruled that this witness cannot testify as to any alibi and that was the reason for the proffer.
“Having ruled that he can’t testify as to any alibi for the Defendant, I don’t know what else he could testify to. If you want to proffer him for any other reason I will listen if he doesn’t claim the Fifth Amendment, but I have already ruled, prior to you offering on proffer—

“MR. TANNER (defense counsel): Well it’s my intention to show that he was — the boy was going to say he [appellant] was there but he [appellant] was not in the building with him. It is my understanding that an alibi is where someone is someplace else . . . .”
The proffered testimony that appellant was at the scene but not implicated in *694 the offense was not alibi testimony for which advance notice need have been given upon a timely demand by the State. Appellant’s own testimony, like that elicited from the youth on proffer, was that appellant was at the scene of the offense, where he was arrested, but was not involved in the offense. See Judge McNulty’s clear statement of the distinction between alibi testimony and testimony of the sort here relied on, Mitchell v. Walker, 294 So.2d 124, 127 (Fla.App.2nd, 1974), concluding:
“In a word, the statement was no more than a general denial of the relator’s criminality and it went no further than his Not Guilty plea itself.”
We cannot say whether the trial court, in the exercise of well-informed discretion, would have granted the requested mistrial and continuance if the court had not first mooted the point by excluding the testimony as an alibi. There is no reason in this record for us or for the trial judge to dispute defense counsel’s representations to the trial court concerning his warnings to the youth before calling him as a witness and the youth’s persistence in his intention to testify. Therefore, it appears that the witness’ abrupt change of heart, under the ministrations of the court, appointed counsel and the prosecutor, came as a genuine surprise to the defense. Because the trial court did not explore how a short continuance might remedy the surprise we cannot know whether the youth could soon have been compelled to testify without jeopardy or whether a trial delay for repreparation of the defense might otherwise have been justified. We cannot and will not assume that the conscientious trial judge would have arbitrarily denied a meritorious motion. Rule 3.190(g), R.Cr. P.; Shepard v. State, 108 So.2d 494 (Fla.App. 1st, 1959); Berriel v. State, 233 So.2d 163 (Fla.App. 4th, 1970); 22A C.J.S. Criminal Law § 498 (1961, Supp.1975); 17 Am.Jur.2d Continuance § 42 (1964, Supp.1975). Because it is now impossible for the trial court or for us to consider the apparently meritorious defense motion without concern for the question of alibi, we have no recourse but to reverse the conviction and remand the case for a new trial.
Reversed.
BOYER, C. J., and MILLS, J., concur.