JOHN D. NELSON v. STATE.

173 So. 841.
Division A.
Opinion Filed April 12, 1937.

R. B. *Moseley,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

BUFORD, J.—The writ of error brings for review judgment of conviction of the offense of embezzlement of property of the value of more than Fifty Dollars.

Plaintiff in error presents eight questions based on his assignments of error, which questions are stated as follows:

"1. Can a conviction be had on proof of embezzlement of other funds derived from other sources than those specified in the Bill of Particulars?"

"2. After the rule has been invoked and the witnesses so instructed, and thereafter certain of those witnesses re-

main in the court room and hear argument of counsel on testimony previously given, can the Court then revoke the rule and allow those witnesses to testify over objections of the defendant?"

"3. On a trial for embezzlement can checks be introduced into evidence without showing being first made that such checks offered in evidence are in some way connected with or in substantiation of the Bill of Particulars or the information?"

"4. Is evidence tending to prove a material fact, though its bearing may be slight, properly excluded?"

"5. Is evidence tending to show a witness' opportunity for observation and disposition to speak the truth, and as to his accuracy properly excluded?"

"6. When does a rule of court allowing unlawful testimony to be admitted cease to be controlling?"

"7. Should remarks of the prosecuting attorney prejudicial to the defendant be stricken from the record, and the jury admonished to give no consideration thereto?"

"8. Should the Court, when requested by the defendant, instruct the jury to disregard the prosecuting attorney's remarks to the jury as to the defendant's failing to produce witnesses in his behalf?"

Counsel did not formulate his argument in brief under the questions as stated, but proceeded to argue the contentions presented under each of his several assignments of errors so that the statement of the questions by him becomes of little assistance to the Court. If all the questions as stated found basis in the record, we should reverse the judgment. The record, however, discloses no foundation for the first, third, fourth, fifth and seventh questions as stated?

The second question may be answered by stating that it is too well settled to require discussion that whether or not a witness who has remained in the court room after the rule excluding witnesses has been invoked and applied, may be allowed to testify is a matter entirely within the discretion of the trial judge.

Under the first question stated the plaintiff in error contends that there was a fatal variance because, for instance, the Bill of Particulars states, "That the defendant was employed by the complaining witness, Edward Rambach, as a journeyman plumber; that the said Rambach had contracted to do certain plumbing work 'at 45 Magnolia Street in the City of Jacksonville, Duval County, Florida, for a contract price of $89.10; that on May 5th, 1934, Defendant received check from Morton Hirschburg by Harold Yetter in the sum of $55.00 and on June 16th, 1934, Defendant received another check in the sum of $34.10; that on May 12th, 1934, the Defendant delivered to the said Edward Rambach the sum of $50.00 as part payment of the above described contract and embezzled the sum of $39.10 out of the payments on said contract," and the testimony showed that the contract referred to was for certain work and materials for the sum of $76.75 and that an extra charge of $13.35 was made for extra work and materials furnished on that job, making a total of $90.10, which total sum the accused collected from Hirschburg and of which he embezzled the sum of $40.10, while the Bill of Particulars stated that $39.10 was embezzled from this source.

This variance was immaterial as the Bill of Particulars advised the defendant of the particular act of embezzlement relied upon. It advised him of the time the money was alleged to have been embezzled and the source, the person, firm or corporation from whom he was alleged to have re-

ceived the property embezzled and how the allegedly embezzled funds came into his hands. The question of whether or not the money was due to, or became the property of, Rambach by reason of a contract between Rambach and Hirschburg is immaterial. The controlling and essential facts are that at the time alleged accused, by reason of his employment as agent and servant of Rambach, received from Hirschburg an amount of money which Hirschburg owed Rambach and of that payment the accused feloniously and unlawfully converted some part to his own use. The value of the property embezzled only becomes material when the amount must be determined so as to determine whether it is more or less than Fifty Dollars ($50.00).

This is not in conflict with, but is in harmony with the opinion and judgment in the case of Smith v. State, 93 Fla. 238, 112 Sou. 70.

We have carefully considered all other questions and assignments of error and find no reversible error disclosed by the record.

Judgment affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.