124 So.2d 38 (1960)
Jesse B. GRIFFIN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. C-156.
District Court of Appeal of Florida. First District.
November 1, 1960.
Rehearing Denied November 28, 1960.
*39 Zach H. Douglas and Ralph Roberts, Jacksonville, for appellant.
Richard W. Ervin, Atty. Gen., and B. Clarke Nichols, Asst. Atty. Gen., for appellee.
STURGIS, Acting Chief Judge.
Four persons, including the appellant, Jesse B. Griffin, Jr., were indicted upon a charge of murder in the first degree, resulting from the violent death of one Aughtry Hodges who was mortally wounded in the course of an armed robbery of a liquor store tended by him in Macclenny, Florida. Two of the defendants (Edward Celestine Tossetti and David Franklin Bryant) entered pleas of guilty and thereafter became witnesses on behalf of the state against their co-defendants (the appellant and one James Edward Padgett) who entered pleas of not guilty. Upon their trial the jury found them guilty of murder in the first degree with recommendation of mercy, and they were thereupon adjudged guilty as charged and sentenced according to law. From that judgment Griffin brings this appeal.
The proofs are such that conviction of appellant, who was not present at the commission of the crime, necessarily rests on his participation therein as contemplated by Section 776.011, Florida Statutes, 1959, F.S.A., whereby a principal in the first degree in the commission of a crime is defined, and depends also upon Section 782.04, Florida Statutes 1959, F.S.A., which, inter alia, defines murder in the first degree as the unlawful killing of a human when committed in the perpetration of or in the attempt to perpetrate the crime of robbery.
The pertinent facts governing the appeal are these: Tossetti and Bryant, testifying on behalf of the state, admitted their participation in the crime and implicated the remaining defendants. According to their testimony, which is essential to appellant's conviction, the deceased met his death in the course of an armed robbery that was perpetrated according to a prearranged plan entered into between these witnesses and their co-defendants. They also corroborated a state witness whose testimony tended to establish that Tossetti, Bryant and Padgett were present in the liquor store approximately one to one and one-half hours prior to the homicide. The testimony of Tossetti and Bryant, if believed by the jury as the verdict indicates, was ample to establish that the appellant, with prior knowledge of the intended robbery in connection with which the decedent was murdered, participated in the planning and strategy to be employed in the commission of the robbery, advanced funds to be used while reconnoitering the premises to be robbed, furnished the witnesses with a pistol to be used in the robbery, and generally aided and abetted in procuring the commission of the robbery.
Bryant and Tossetti, over appellant's objection, also gave testimony to the effect that within a period of sixty days prior to the homicide the appellant participated with them in the commission of several collateral crimes, larcenous in nature. With that predicate, persons claiming to be owners of the alleged stolen property were permitted to identify it as traced into the possession of the appellant.
At the request of appellant all witnesses were placed under the rule. After the defendants rested the state called as a rebuttal witness one Stella L. McFarland who gave testimony contradicting that of appellant to the effect that he and Tossetti were not in company with each other at appellant's home on the afternoon of the day on which the homicide took place. After her testimony was in, the court, upon motion of appellant, struck that testimony *40 because, in violation of the rule, the witness was present in the courtroom during the presentation of testimony of other witnesses, and forthwith charged the jury to "disregard and will give no consideration whatsoever in any shape, manner or form to the testimony of Mrs. Stella H. McFarland, who was called as a rebuttal witness by the State."
Appellant's assignments of error present three points of law for disposition: (1) Whether it was incumbent on the court, upon discovering that the witness McFarland had violated the rule, and notwithstanding the favorable disposition of appellant's motion to strike the testimony of that witness and the subsequent charge to the jury in the premises, to forthwith of its own motion declare a mistrial. (2) Whether it was error to admit to the jury, over appellant's objections, testimony tending to establish that appellant and his co-defendants, Tossetti, Padgett and Bryant, had, within 60 days prior to the homicide for which appellant was on trial, confederated in the commission of collateral crimes, where it appears that the collateral crimes in question have in common with the crime being tried a general pattern or design on the part of the confederates to illegally appropriate to their own use the property of others. (3) Whether the evidence is insufficient to sustain the verdict.
It is well settled that the matter of excluding witnesses from the trial and the making of exceptions to the rule when invoked is within the sound discretion of the trial court. A witness who has violated the rule may, in the exercise of that discretion, be permitted to testify. Edwards v. State, 120 Fla. 693, 163 So. 25; Nelson v. State, 127 Fla. 677, 173 So. 841; Holder v. State, 136 Fla. 880, 187 So. 781. We are unable to perceive how the testimony of witness McFarland, upon the very narrow point about which she had knowledge, could have been aided or influenced by hearing the testimony of other witnesses, and it would seem that no error would have resulted had her testimony been permitted to go to the jury, despite the violation of the rule. The over-riding consideration, however, is the fact that counsel for appellant only requested the trial court to strike that testimony  not to grant a mistrial  and that request was granted. Striking the subject testimony, coupled with the instruction to the jury on the subject, effectively cured any irregularity which might have occurred in connection therewith. Williams v. State, Fla., 74 So.2d 797; Lambert v. Higgins, Fla., 63 So.2d 631. There is no compulsion on the trial court of its own motion to declare a mistrial under the circumstances of this case.
The contention that the court erred in admitting evidence of co-defendants Tossetti and Bryant as to the commission of other or collateral crimes, participated in by them and the appellant, is more difficult to resolve upon first blush than upon careful analysis. The difficulty stems from the fact that the collateral crimes, as to which testimony was admitted over objection of the appellant, are in the nature of thefts or larcenies, involving the criminal act of taking and appropriating to one's own use the property of another, whereas the crime being tried was that of murder. This difficulty is promptly removed, however, when the questioned testimony is considered by the test of its relevancy to the facts out of which the homicide resulted. Such consideration brings us immediately abreast the proposition that the common denominator applicable to the alleged collateral crimes and to the crime charged is a pattern of action calculated to obtain by unlawful means the property of another. The fact that the crime of murder in the first degree, as charged, was committed as an incident to the carrying out of the separate and independent crime of robbery or attempted robbery  the latter involving the mentioned common pattern of intent and action  does not operate to destroy the pattern or the relevancy of the testimony concerning the particular collateral crimes, as elicited in this case.
*41 The test of admissibility as laid down in the leading case of Williams v. State, Fla., 110 So.2d 654, 658, is relevancy of the collateral crime to the crime charged or to the facts out of which resulted the crime charged. There the Florida Supreme Court said:
"(4) Let us begin with a reminder that we here deal with so-called similar fact evidence which tends to reveal the commission of a collateral crime. Our initial premise is the general canon of evidence that any fact relevant to prove a fact in issue is admissible into evidence unless its admissibility is precluded by some specific rule of exclusion. * * *
"* * * As we did in Talley v. State, supra [160 Fla. 593, 36 So.2d 201], we emphasize that the question of the relevancy of this type of evidence should be cautiously scrutinized before it is determined to be admissible. Nonetheless, relevancy is the test. If found to be relevant for any purpose save that of showing bad character or propensity, then it should be admitted.
"* * * However, we again pointed out that evidence of other crimes is admissible or, as we would now state, is relevant if it tends to show a common scheme or plan. * * *"
In another but separate case entitled Williams v. State, Fla. 1960, 117 So.2d 473, the rule announced in Williams v. State, Fla. 1959, 110 So.2d 654, supra, was reaffirmed. The 1960 case reversed the trial court only because the state had been permitted to go into greater detail than was necessary to establish "similar fact evidence" tending to reveal the commission of a collateral crime, with the result that the inquiry no longer became relevant to the charge being tried. Appellant's contention that this doctrine of the second Williams case applies to the case on review is untenable, for while it is true that evidence of the prior crimes committed by the appellant and his co-defendants Tossetti and Bryant consumed a substantial amount of time at the trial, it was because of the number of such crimes that were said to have been committed by them within a relatively short period of time prior to the crime charged and, further, because it was necessary for the state to follow the proper procedure of establishing who planned the collateral crimes, who committed them, and the disposition made of the proceeds. Proof less than this would have properly subjected testimony of the collateral crimes to exclusion because of failure to connect them with the appellant.
The facts in this case cannot be equated with the refusal to admit evidence of a prior crime of forgery, unconnected by circumstances with the crime of breaking and entering for which the defendant was being prosecuted (Gafford v. State, 79 Fla. 581, 84 So. 602), or with the refusal to admit evidence of the commission of other crimes "wholly independent of that for which he is on trial" (Boyett v. State, 95 Fla. 597, 116 So. 476), or with the refusal to admit evidence that an accused has previously assaulted his wife in a case where he was charged with being an accessory before the fact in the crime of bigamy (West v. State, 140 Fla. 421, 191 So. 771), or with the refusal to admit evidence that the accused on trial for perjury had also been indicted for two violations of the election laws (Gordon v. State, Fla., 104 So.2d 524).
The evidence in question here was "similar fact evidence" within the meaning of the text cited from the first Williams case, supra, and tended to show a common scheme or plan. Each collateral crime related by the evidence herein was basically a theft. On some occasions the collateral crime is said to have been consummated in connection with the crime of breaking and entering. In others the stated facts, if true  and this was a matter for the jury to consider  simply and specifically constitute the crime of grand or petit larceny. The homicide resulting in this appeal occurred in the *42 course of perpetrating the crime of armed robbery, which crime has the element of illegal taking of property of another as a major and, indeed, controlling common element of the collateral crimes referred to. The subject evidence was properly admitted.
There is no merit to appellant's contention that the evidence is inadequate to support the verdict.
Finding no error, the judgment is affirmed.
CARROLL, DONALD, J., and MASON, ERNEST E., Associate Judge, concur.