HENDRY, Judge.
Appellant, Fred Fountain, was convicted of committing the crime of grand larceny.
The testimony revealed that Woodrow Williams, Grady Mixon and appellant decided to “pick up some easy money” by stealing avocados. On several occasions, prior to that charged in the information on appeal, the above three, along with two others went to the Kendall Groves in appellant’s car, stole avocados, and stored them overnight at appellant’s store. The next day Williams would take the stolen avocados in appellant’s car and sell them back to the one from whom they had been stolen. Williams would take the checks received in payment for the avocados and deliver them to the appellant who would cash them.
Appellant did not go to the grove every time, but he was there on about 3 or 4 of the 7 or 8 occasions with which we are concerned. However, on each occasion, his car was used to go to and return from the grove, his store was used for the overnight safe-keeping of the stolen goods, and he received the checks which were paid after the avocados were sold.
On February 7, 1963, Williams, Mixon and two others were apprehended while stealing avocados for the 7th or 8th time. Appellant was not present, although his car had been used, as usual, to get to the grove.
Appellant claims that he can not be convicted on an information that charges the commission of grand larceny, when at best, the evidence establishes that he procured the commission of the crime. We can not agree.
Appellant misconceives the meaning of § 776.011, Fla.Stat., F.S.A., which provides:
“Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, is a principal in the first degree and may be charged, convicted and punished as such, whether he is or is not actually or constructively present at the commission of such offense.”
*32 When this statute was adopted in 1957, the prior criminal law was not changed substantively or procedurally as claimed by appellant. The statute had the effect of codifying what had previously been the law of the state.[1] Therefore, evidence establishing that appellant procured or aided or abetted the commission of the crime of grand larceny would be sufficient to sustain a conviction for grand larceny.[2] In order to sustain this conviction, it was not necessary for the information to advise him of the evidence upon which the state would rely. In regard to the proper method of testing the validity of indictments, the Supreme Court in State v. Bruno, Fla.1958, 107 So.2d 9, 15, set forth as follows:
“Granting that the information may have been vague * * * that defect could easily have been corrected by demand for a bill of particulars, authorized under Sec. 906.07, F.S.A. This Court should give to an information a liberal construction and its policy is to uphold an information where there is a substantial compliance with statutory requirements. [Citations omitted.]
í}í ¡fc íjs ífs ífc
“We must not give to rules of criminal procedure such strict compliance as to harm the State when the end result will not be to the defendant’s prejudice.”
In our situation, the defendant was fully advised of the crime he was charged with having committed, by the information, and it was therefore sufficient.
It was equally clear from the record that the appellant was engaged in a common scheme, and the jury was clearly entitled to so find. The fact that he was not present at the scene when the grand larceny was committed does not relieve him of criminal responsibility.[3] The evidence of the other crimes was admissible to establish the existence of a continuing plan of which this crime was but a part.[4]
Appellant’s further contention as to the insufficiency of the evidence upon which to sustain the conviction is without merit.[5]
Accordingly, the judgment and sentence appealed is affirmed.
Affirmed.

. Chaudoin v. State, Ma.App.1960, 118 So.2d 569.

. id.

. Williams v. State, Fla.1959, 110 So.2d 654, cert. den. 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86; Griffin v. State, Fla.App. 1960, 124 So.2d 38.

. id.

. See Griffin v. State, supra, wherein the evidence of two confessed co-conspirators was sufficient to sustain the conviction.