DAYTON, ORVIL L, Associate Judge.
This is an appeal from an order, judgment and sentence in a non-jury trial finding appellant guilty of a charge by direct information for narcotic law violation.
On June 11, 1964, a deputy sheriff of Hillsborough County, accompanied by two detectives of the City of Tampa Police Department, went to the h.ome of appellant in Tampa, Florida. Answering the knock at the front door, appellant opened the door and was informed of the identity of the officers and that they had a search warrant to search his home. As the officers entered, according to the testimony of the deputy sheriff a “slight scuffle” ensued. “He seemed to want to try to prevent us from executing the warrant,” the deputy sheriff said.
The officer further testified that appellant was placed under arrest after which the warrant was read to him and the search proceeded. No contraband was found in the house, but a quantity of capsules and tablets, together with two hypodermic needles *682 and hypodermic syringe were taken from the person of the appellant. The deputy sheriff testified that the appellant identified the capsules and tablets as containing dilau-did and cocaine. It was stipulated by counsel for the respective parties that if the chemist from the State Board of Health were present at the trial he would testify that the capsules and tablets taken from appellant contained dilaudid and cocaine.
On cross-examination the deputy sheriff testified that the arrest o,f appellant was for interfering with officers in the execution of the search warrant, but that no formal charge had been filed against appellant pursuant to such arrest.
Appellant poses two questions for review:
1) The affidavit for search warrant did not contain sufficient factual allegations to furnish probable cause for the issuance of a search warrant, and, consequently, the lower court erred in not granting appellant’s motion to quash and suppress any evidence obtained by the search.
2) The state failed to sufficiently identify the appellant at the trial and that the lower court should have granted appellant’s motion for directed verdict of Not Guilty.
We have carefully reviewed the record and find that the sum total of the allegations of the affidavit for a search warrant and the circumstances surrounding the information received by affiant, as recited in the affidavit, were sufficient to cause a prudent man of affiant’s experience to believe that appellant was using his home as a base for illicit traffic in narcotic drugs. Perez v. State, Fla., 81 So.2d 201.
The filing of a motion for directed verdict of Not Guilty admits all facts in evidence and every conclusion favorable to a conviction fairly and reasonably infera-ble therefrom. Victor v. State, 141 Fla. 508, 193 So. 762.
It is our view that the evidence, with all reasonable inferences fairly drawn therefrom, including the identification of the appellant as the defendant in the lower court, is ample to sustain a verdict of Guilty.
Finding no error the judgment, order and sentence appealed from is affirmed.
SHANNON, Acting C. J., and LILES, J., concur.