296 So.2d 609 (1974)
Robert AMATO, Appellant,
v.
STATE of Florida, Appellee.
No. 73-1325.
District Court of Appeal of Florida, Third District.
June 18, 1974.
Lewis S. Kimler, Miami Beach, Manuel W. James, Key West, for appellant.
Robert L. Shevin, Atty. Gen., and J. Robert Olian, Asst. Atty. Gen., for appellee.
Before CARROLL and HENDRY, JJ., and GOBBIE, EVELYN, Associate Judge.
GOBBIE, EVELYN, Associate Judge.
This appeal stems from a jury conviction of felony possession of marijuana in the form of hashish, a resin extracted from the Cannabis Sativa, L. plant, commonly known as marijuana. Hashish, as the evidence brought out during the trial, is a concentrated form of marijuana.
We are concerned with two issues:
1. Whether there was sufficient, competent evidence to sustain the defendant's conviction of constructive possession of the contraband; and
2. Whether the trial judge should have reduced the charge to a misdemeanor possession, rather than that of a felony.
To meet the first issue, we must look to the evidence to determine whether the State proved its case or whether the trial court should have granted the defendant's motion for judgment of acquittal.
A review of the record discloses that around 11:00 P.M. Deputy Sheriffs Brown and Kincada, while on routine patrol in the *610 Sombrero Beach area of Marathon, Florida, advised a large group of young people congregated around their cars to leave the area as it was off-limits during the evening hours. This area was a known gathering point in the evenings and was frequently checked by the deputies since they had had problems in the past.
The patrol car then drove toward U.S. Highway No. 1 and pulled off the road to see if the cars were clearing the forbidden area. They sat for fifteen to twenty minutes but observed no headlights coming out of the beach road. They saw headlights headed for an area of the beach known as the loop  an undeveloped, dirt road section. The deputies proceeded to investigate to see what was going on. They pulled into a "turnaround" road and in so doing, observed a number of automobiles straight ahead, with one lone Chevrolet vehicle to the left of the patrol car about twenty-five feet away from the other automobiles. There was a group around the driver's seat of the Chevrolet, in which the young lady owner was sitting, and as soon as the group saw the marked car, they scattered rather quickly to their own cars and departed.
The deputies' car had blocked the Chevrolet to their left so that it could not get out. The defendant was seated in the passenger's seat and Deputy Brown testified that as he pulled into the area, the passenger door of the Chevrolet opened and closed rapidly. Deputy Kincada verified all of this but added further:
"... the interior light of the lone vehicle came on and caught my eye and the door opened and I just saw a flash of a head or something and the door closed again."
Continuing, he stated:
"Well, the door swung open. At that point we were more intent on the crowd and I looked as the interior light of the vehicle came on and caught my eye and the passenger's side door swung open and a head bobbed and the door closed again."
The defendant, unable to produce any type of identification, was requested to get out of the car. Deputy Brown flashed his light into the automobile but found nothing. However, the light revealed a white paper bag on the ground, protruding approximately two to three inches from under the car, "exactly at the passenger' side." The white bag contained a fresh plant, later identified as Cannabis Sativa, L., commonly referred to as marijuana; on top of this white bag was a clear plastic one, also containing a fresh plant of Cannabis Sativa, L. On top of these two bags was a brown, leather pouch containing money, a hand-rolled marijuana cigarette and 31 cubes wrapped in tinfoil, later determined to be hashish.
The items were neatly stacked on top of each other, containing neither marks nor tire tracks and looking very clean on top. According to the evidence, they appeared to have been placed under the car, as opposed to having been thrown.
Two latent fingerprints were lifted from the cigarette paper and identified as those of the defendant. However, the chemist conceded that the prints could have been placed on the paper before the cigarette was rolled. Five other prints lifted from one of the paper bags failed to match the defendant's fingerprints.
Bearing in mind that with circumstantial evidence, such as we have in the case at bar, the test to be applied on review of a denial of a motion for judgment of acquittal is not whether, in the opinion of the trial court or the appellant court, the evidence fails to exclude every reasonable hypothesis but that of guilt but, rather, whether the jury might reasonably so conclude. Vick v. United States, 216 F.2d 228 (5th Cir.1954). The jury is the pivotal point at which the evidence is aimed, not the courts.
*611 A myriad of cases have established that a defendant has "constructive possession" of a chattel where he has knowledge of its presence, coupled with the ability to maintain control over it or reduce it to his physical possession, even though he does not have actual personal dominion. Spataro v. State, 179 So.2d 873 (Fla.App. 1965).
Assuming arguendo, the jury had only the fingerprint evidence before it with nothing else, the testimony would have been insufficient and a judgment of acquittal should have been granted. However, the jury had the additional competent evidence of the two deputies which, when viewed with the other testimony as a whole, sustained the jury's finding that the defendant knew of the presence of the contraband and had the ability to reduce it to his physical possession. Arant v. State (Fla.App. 1972), 256 So.2d 515; Markman v. State (Fla.App. 1968), 210 So.2d 486; Skold v. State, 263 So.2d 627 (Fla.App. 1972).
Let us now turn to the second point on appeal  whether or not the Trial Judge should have reduced the charge to a misdemeanor possession of marijuana since the State failed to prove that the defendant possessed in excess of five grams based upon the weight of the two plants and that of the marijuana cigarette. To properly decide this question, it is necessary to distinguish possession of "marijuana" and possession of "resin" (hashish ... a concentrated form of marijuana).
It has come to the attention of the Court that many attorneys in this State, although extremely capable in their own chosen fields, do not practice criminal law and are unaware that there are two definitions of Cannabis Sativa, L., (marijuana to most citizens, attorneys and laymen alike). Perhaps taking each definition specifically rather than generally may be of academic interest and of benefit to those attorneys who might be interested.
F.S. 404.15(1), F.S.A. makes a violation of the Statute a felony unless the first offense is possession of not more than five grams of Cannabis. It is then a misdemeanor. The restricted definition of "Cannabis" for the purposes of this misdemeanor violation is:
"`Cannabis' shall not include the resin extracted from the plant cannabis sativa, L. or any compound, manufacture, salt, derivative, mixture, or preparation of such resin." (Emphasis supplied)
Since hashish is extracted resin, it is specifically excluded from the misdemeanor definition.
F.S. 404.02(5), F.S.A. makes the actual or constructive possession or control of an hallucinogenic drug a felony. F.S. 404.01(3) F.S.A. defines "hallucinogenic drug", in part, to include Cannabis Sativa, L. and Subsection (12) reads:
"The word `Cannabis' means all parts of the plant cannabis sativa, L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin; but shall not include the mature stalks of such plant ..." (Emphasis supplied).
It can be seen that hashish is specifically included in the felony definition but the stalks are specifically excluded since they do not contain resin.
Let us now look at the evidence regarding the weight of the two marijuana plants (7.3 grams). The State concedes that it failed to prove in excess of 5 grams of marijuana because the chemist erroneously included the stalks (an exception under the felony definition of cannabis) and without the stalks, the plants were probably under five grams; hence a misdemeanor rather than a felony. The marijuana cigarette weighed only 0.2 grams, rendering no assistance whatever to the State.
*612 On this basis, defendant claims that the charge should have been reduced to marijuana, disposing of the 31 cubes of hashish by claiming there was no direct evidence to connect him with the tinfoil packets. However, since there was sufficient proof, circumstantial though it may be, to link the defendant to all of the items, including the hashish, such an argument must fail.
Even though the State failed to prove felony possession in excess of five grams of Cannabis Sativa, L. under F.S. 404.15(1) F.S.A., it proved a felony possession of cannabis in the form of hashish, under F.S. 404.02(5) F.S.A., under which Statute weight is immaterial.
The lower court was correct in denying the motion to reduce the charge and the felony judgment is affirmed.