301 So.2d 486 (1974)
Manuel DURAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-153.
District Court of Appeal of Florida, Third District.
October 15, 1974.
Philip Carlton, Jr., Miami, for appellant.
Robert L. Shevin, Atty. Gen., and William L. Rogers, Asst. Atty. Gen., for appellee.
Before HENDRY and NATHAN, JJ., and CARROLL, CHARLES A., Associate Judge.
PER CURIAM.
The appellant was charged by information with the crime of grand larceny. Upon trial before a jury, he was found guilty and was so adjudged and sentenced to imprisonment for a term of five years. On appeal therefrom it is contended by the appellant that the trial court erred by denying his motions at the close of the presentation of evidence by the State and at the close of the case, on the ground that the evidence upon which the conviction was based, which for the most part was circumstantial, was insufficient to sustain the conviction.
The appellate courts of this State have held repeatedly that to sustain conviction in circumstantial evidence cases the inferences reasonably to be drawn from the evidence must not only be consistent with guilt of the accused but inconsistent with every reasonable hypothesis of his innocence. However, in such cases the test to be applied on motion for judgment of acquittal and on review of the denial of such a motion is not simply whether in the opinion of the trial judge or of the appellate court the evidence fails to exclude every *487 reasonable hypothesis but that of guilt, but rather whether the jury might reasonably so conclude. Amato v. State, Fla.App. 1974, 296 So.2d 609; Vick v. United States, 5th Cir.1954, 216 F.2d 228; United States v. Gaviria, 5th Cir.1973, 471 F.2d 1181, 1183.
Having reviewed the evidence in the light of the above pronounced principles of law applicable thereto, we hold to be without merit the appellant's contention of the insufficiency of the evidence to sustain the conviction. No useful purpose would be served by including a detailed recitation of the evidence here.
No reversible error having been shown, the judgment is affirmed.