305 So.2d 211 (1974)
Sergio HERNANDEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-585.
District Court of Appeal of Florida, Third District.
December 17, 1974.
Rehearing Denied January 22, 1975.
Phillip A. Hubbart, Public Defender, and Roy S. Wood, Jr., Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and J. Robert Olian, Asst. Atty. Gen., and Margarita Esquiroz, Legal Intern, for appellee.
Before PEARSON and NATHAN, JJ., and GREEN, ROBERT A., Jr., Associate Judge.
PER CURIAM.
The appellant was charged by information with the crimes of breaking and entering with intent to commit a felony and assault with intent to commit murder. Upon trial before a jury, he was found guilty of breaking without entering with intent to commit a felony and assault with intent to commit murder in the second degree, and was so adjudged and sentenced to imprisonment for a term of 5 years on the first count and 15 years on the second count, to run concurrently, in the state penitentiary. On appeal therefrom, it is contended by the appellant that the evidence upon which the conviction was based, which for the most part, was circumstantial, was insufficient to establish a prima facie case of breaking and entering with intent to commit a felony, and that his motion for acquittal should have been granted.
The appellate courts of this State have held repeatedly that to sustain conviction in circumstantial evidence cases the inferences reasonably to be drawn from the evidence must not only be consistent with guilt of the accused but inconsistent with every reasonable hypothesis of his innocence. However, in such cases the test to be applied on motion for judgment of acquittal and on review of the denial of such a motion is not simply whether in the opinion of the trial judge or of the appellate court the evidence fails to exclude every reasonable hypothesis but that of guilt, but rather whether the jury must reasonably so conclude. Amato v. State, Fla.App. 1974, 296 So.2d 609; Vick v. United States, 5th Cir.1954, 216 F.2d 228, United States v. Gaviria, 5th Cir.1973, 471 F.2d 1181, 1183.
*212 Having reviewed the evidence in the light of the above pronounced principles of law applicable thereto, we hold to be without merit the appellant's contention of the insufficiency of the evidence to sustain the conviction. No useful purpose would be served by including a detailed recitation of the evidence here.
No reversible error having been shown, the judgment is affirmed.
Affirmed.
GREEN, ROBERT A., Jr., Associate Judge (dissenting).
I respectfully dissent. I feel the statement of the law in the majority opinion is incorrect.