PER CURIAM.
The respondent was convicted of issuing a worthless check after a nonjury trial in the county court. On appeal the circuit court reversed the conviction finding that the petitioner did not meet its burden of proving the identity of the defendant beyond and to the exclusion of a reasonable doubt. Petitioner then filed a petition for certiorari in this court contending that the circuit court’s decision constituted a departure from the essential requirements of law. We agree.
Where a court sitting in its appellate capacity attempts to reweigh the evidence and substitute its judgment for that of the trier of fact or where such court misconceives the legal effect of the evidence so as to result in a wrong rule of law being applied, such action constitutes a departure from the essential requirements of law reviewable by certiorari. State Beverage Department v. Ernal, Inc., Fla.App. 1959, 115 So.2d 566; City of Miami v. Bell, Fla.App.1973, 281 So.2d 540. Although the evidence in the instant case was largely circumstantial, a review of the record reflects that such evidence was consistent with the guilt of the accused and inconsistent with every reasonable hypothesis of innocence. Duran v. State, Fla.App.1974, 301 So.2d 486; Williams v. State, Fla.App.1968, 206 So.2d 446; Amato v. State, Fla.App.1974, 296 So.2d 609. The circumstantial evidence created more than a mere suspicion that the accused committed the crime with which he was charged and excluded every reasonable hypothesis but that of guilt. Cf. Woitte v. United States, 9 Cir. 1927, 19 F.2d 506.
Accordingly, certiorari is granted; the order of the circuit court is quashed and the judgment of conviction and sentence of the county court is reinstated.
CROSS and MAGER, JJ., concur.
WALDEN, C. J., dissents without opinion.