PER CURIAM.
Defendant-appellant was informed against for (1) unlawful sale of hashish, (2) unlawful possession of hashish, and (3) possession of controlled substance, to wit: cocaine. Count one of the above information having been dismissed, the defendant was tried by jury and found guilty on counts two and three. The trial judge then pronounced consecutive sentences of *436 three years and five years imprisonment on counts two and three respectively. This appeal followed.
We find appellant’s first contention that hashish and cocairie are not listed as controlled substances to be devoid of merit in that this same issue previously has been •determined by this court. See Amato v. State, Fla.App.1974, 296 So.2d 609 and Fla.Stat. § 893.03 F.S.A.
Appellant secondly contends the trial court committed reversible error in denying defense counsel’s motion to suppress on the grounds that the arresting officers failed to comply with Fla.Stat. § 901.19.[1]
We find that Fla.Stat. § 901.19 is inapplicable to the instant case as the record reflects that the arresting officers after identifying themselves entered the premises in question with the permission of the occupants and, therefore, no forcible entry was made by the police. Thus, this point of appellant must fail.
 For his third point on appeal, defendant-appellant urges as reversible error the failure of the state to produce the confidential informant for pretrial discovery and testimony at trial.
With respect thereto, we note that the state, pursuant to order of court, furnished the defense with the name and last known address of the confidential informant. Further, the record is replete with evidence of the reasonable efforts by the prosecution to locate the informant and, thus, we conclude this point is not well taken.
We also considered defendant’s final contention that the court erred in imposing two separate sentences for possession of controlled substances which occurred the same time and conclude that it is lacking in merit. See Jenkins v. Wainwright, Fla.1975, 322 So.2d 477.
Accordingly, the judgment appealed herein is affirmed.
Affirmed.

. “901.19 Right of officer to break into building
“(1) If a peace officer fails to gain admittance after he has announced his authority and purpose in order to make an arrest either by a warrant or when authorized to make an arrest for a felony without, a warrant, he may use all necessary and reasonable • force to enter any building or property where the person to be arrested is or is reasonably believed to be.”
* * * * *