343 So.2d 664 (1977)
Amidi ZUBERI, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-596.
District Court of Appeal of Florida, Third District.
March 8, 1977.
Rehearing Denied April 1, 1977.
*665 Bennett H. Brummer, Public Defender and Julian S. Mack, Asst. Public Defender and Michael Zelman, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen., and William M. Grodnick, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Amidi Zuberi was indicted for first degree murder, tried by jury, found guilty, convicted and sentenced to life imprisonment. This appeal follows.
The first point here presented is that the trial court erred in denying Zuberi's motion for judgment of acquittal where the State solely relied upon the felony murder rule for conviction, and where the State failed to adduce any evidence that Zuberi was perpetrating or attempting to perpetrate, a robbery at the time of the victim's death.
The test to be applied on review of denial of a motion for judgment of acquittal is not simply whether in the opinion of the trial judge or of the appellate court the evidence fails to exclude every reasonable hypothesis but that of guilt, but rather whether the jury must reasonably so conclude. Hernandez v. State, 305 So.2d 211 (Fla. 3d DCA 1974). Although we chose not to repeat the sordid details of the crime in this opinion, suffice it to say, there was substantial competent evidence before the trial court from which the jury as a trier of fact could reasonably conclude that Zuberi participated in the commission of the robbery, either as an aider or abettor, or as a principal at the time of the victim's death. The record reflects that Zuberi's version of the events, as revealed by his statements to the police and his trial testimony, is contradictory and inconsistent. The credibility and probative force of such conflicting evidence is properly a question of fact for the jury. It is clear that the jury could reasonably conclude that Zuberi participated in the robbery as an aider or abettor or as a principal.
Section 782.04(1)(a), of the Florida Statutes provides for felony murder where a death has occurred in connection with the *666 crime of robbery or burglary. Numerous first degree murder convictions have been sustained under the felony murder rule in Florida. See, for example, Leiby v. State, 50 So.2d 529 (Fla. 1951); Swan v. State, 322 So.2d 485 (Fla. 1975); Thompson v. State, 328 So.2d 1 (Fla. 1976). We find that no error has been demonstrated on this point.
Zuberi's second point is that the trial court erred in failing to charge the jury on the essential elements of robbery, the supporting felony in this felony murder conviction; and in failing to grant his requested instruction as to the necessary sequence of events to support a felony murder conviction.
In our opinion, the jury instructions on the felony murder charge were sufficient to enable the jury to reach a verdict based on the law. Moreover, it appears from the record that defense counsel failed to object when the judge presented the charge to the jury. In order to preserve the issue for appellate review, a party must object to the failure to give an instruction before the jury retires to consider its verdict. Febre v. State, 158 Fla. 853, 30 So.2d 367 (1947); Blatch v. State, 216 So.2d 261 (Fla. 3d DCA 1968); Rule 3.390(d), Florida Rules of Criminal Procedure.
As to the defendant's contention that the court improperly denied his requested instruction on the time sequence for the commission of the robbery and the homicide under the felony murder rule, we find that he is precluded from raising this issue on appeal because no objection was made at trial. Further, a judgment will not be reversed for failure to give a particular charge where, as here, on the whole, the charges as given are clear, comprehensive and correct. Yost v. State, 243 So.2d 469 (Fla. 3d DCA 1971).
No reversible error having been made to appear, the judgment of conviction and sentence herein appealed are affirmed.