HUBBART, Judge.
This is an appeal by the state from an order of the trial court dismissing one count of an information in a criminal prosecution. We have jurisdiction to entertain this appeal, § 924.07(1), Fla.Stat. (1977).
The defendant Jose Pajón and a co-defendant [not a party to this appeal] were charged in the first count of a two count information -filed before the Circuit Court of the Eleventh Judicial Circuit of Florida, as follows:
“JANET RENO, State Attorney of the Eleventh Judicial Circuit of Florida, prosecuting for the State of Florida, in the County of Dade, under oath, information makes that JOSE ENRIQUE PAJON and RAUNEL RAMOS on the 25th day of October, 1978, in the County and State aforesaid, did unlawfully and feloniously have in their actual or constructive possession a controlled substance, to-wit: COCAINE, in violation of Section 893.13 Florida Statutes, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.”
Upon the defendant Pajon’s timely motion, the trial court dismissed the above count of the information for failure to state a crime in that a fatal ambiguity was created by the use of the word “their” in the subject count. We cannot agree and reverse.
It is the established law of this state that an information states a crime sufficient to withstand a motion to dismiss if it (a) follows the language of the statute which the defendant is charged with violating and alleges all the essential elements of the crime charged, and (b) contains a plain, concise and definite statement of the essential facts constituting the crime charged so that the defendant is neither misled or embarrassed in the preparation of his defense nor exposed after conviction or acquittal to substantial danger of a new prosecution for the same crime. Beyond that, there is no requirement that the information set forth the state’s proof in the case. To the extent that the information contains some ambiguous or vague language of a non-fatal nature, such can adequately be cured by the filing of a statement of particulars upon timely motion by the defendant. Martinez v. State, 368 So.2d 338 (Fla.1978); State v. Bruno, 107 So.2d 9 (Fla.1958); Fountain v. State, 163 So.2d 30 (Fla. 3d DCA 1964); Fla.R.Crim.P. 3.140(b), (d)(1), (n), (o).
The information in the instant case sufficiently meets these minimal requirements to withstand a motion to dismiss. It follows the language of the statute which *1072 the defendant is charged with violating and alleges all the essential elements of the subject crime. § 893.13(1)(e), Pla.Stat. (1977). It also contains for pleading purposes the essential facts constituting the crime charged. It does not in any way mislead or embarrass the defendant in the preparation of his defense nor expose him after conviction or acquittal to substantial danger of a new prosecution for the same crime. Indeed, the defendant makes no serious contention to the contrary. To the extent that there may exist a certain ambiguity or vagueness in the language used in the information, it is our view that such could amply be cured by the filing of a statement of particulars upon timely motion by the defendant.
The order of dismissal under review is reversed and the cause remanded to the trial court with directions to reinstate count I of the subject information.