PER CURIAM.
By indictment Barfield Burch, Jr., was charged with first degree murder, and with the sale and possession of a controlled substance. Trial before a jury resulted in conviction of manslaughter, and of the drug sale and possession charges.
The victim died from overdose of a drug, alleged to have been administered to him by Burch and one Willie Charles Rumph. There was evidence that the drug was forcibly administered to the victim by an injection made by Rumph while the victim was being held by Burch; that when the victim showed evidence of overdose, by lapsing into periods of unconsciousness and semi-consciousness, instead of obtaining medical aid for the victim, they proceeded, through the night and part of the next day, to try to revive the victim by various methods including walking him around, applying water on him, placing him in a shower, etc. Eventually he was taken to a hospital, where he died.
The several contentions presented by appellant have been considered in the light of the record, briefs and arguments, and we hold that no reversible error has been shown. The challenged rulings of the court on admissibility of evidence were not error. The court correctly denied the defendant’s motion for acquittal made upon contending that on the evidence the cause of death could have been from the manner the victim was handled after the injection (with which conduct the defendant was not charged in the information), rather than from the injection of the drug. The claimed error of the court in failing to give a jury instruction of causation was not preserved for appeal in the manner required by Fla.R.Crim.P. 3.390. Zuberi v. State, 343 So.2d 664 (Fla. 3d DCA 1977). Cf. Stevenson v. State, 285 So.2d 61 (Fla. 4th DCA 1973).
Affirmed.