413 So.2d 478 (1982)
STATE of Florida, Appellant,
v.
Ralph DiGUILLIO, William Duarte, Clifford Pennington, and Marvin Ward, Appellees.
Nos. 81-2030 to 81-2033.
District Court of Appeal of Florida, Second District.
May 5, 1982.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
Allen P. Allweiss, St. Petersburg, for appellees DiGuillio, Durate and Ward.
Susan F. Schaeffer, St. Petersburg, for appellee Pennington.
SCHEB, Chief Judge.
The state challenges the trial court's dismissal of informations charging the defendants with bookmaking, a felony proscribed by section 849.25, Florida Statutes (1979).
The state filed an information against each of the defendants, and in a series of counts charged that each "did take or receive one or more bets or wagers upon the result of a trial or contest of skill, speed, power or endurance of, or between, men, to-wit: football games involving teams known as ... contrary to Chapter 849.25, Florida Statutes... ." The trial court granted each defendant's motion to dismiss on the ground that the information failed to charge the defendants with felonies and thus it was without jurisdiction. We reverse.
*479 The trial court noted the similarity between sections 849.25(1)[1] and 849.14[2], Florida Statutes (1979), the misdemeanor betting statute, and opined that neither statute makes a distinction between professional and occasional betting. Thus, the court perceived that the statutes do not afford a person charged with violating these terms proper notice of what acts are proscribed. It held that the state's failure to specifically allege the acts which charged more than simple gambling as prohibited by section 849.14 failed to charge felonies. Therefore, the circuit court concluded it was without jurisdiction to try the defendants.
At the outset we note that we do not reach the question of the ambiguity of the statutes as the trial court did not rule on their constitutionality. While the statutes may lack clarity due to their similar language, we think the informations alleged felonies and thereby subjected defendants to jurisdiction of the circuit court. Each of the counts against the defendants included the allegation of "taking or receiving bets" which the statute defines as bookmaking. Each tracked the language of section 849.25 and cited that statute. These allegations were sufficient to place each of the defendants on notice as to the acts proscribed by section 849.25. Where, as here, an information refers to a statute and tracks its language, it is generally held sufficient. Martinez v. State, 368 So.2d 338 (Fla. 1979); State v. Pajon, 374 So.2d 1070 (Fla. 3d DCA 1979).
Accordingly, we reverse and remand for proceedings consistent with this opinion.
OTT and SCHOONOVER, JJ., concur.
NOTES
[1] Section 849.25(1) provides:

The term "bookmaking" means the act of taking or receiving any bet or wager upon the result of any trial or contest of skill, speed, power, or endurance of man or beast or between men, beasts, fowl, motor vehicles, or mechanical apparatus or upon the result of any chance, casualty, unknown, or contingent event whatsoever.
[2] Section 849.14 provides:

Whoever stakes, bets or wagers any money or other thing of value upon the result of any trial or contest of skill, speed or power or endurance of man or beast, or whoever receives in any manner whatsoever any money or other thing of value staked, bet or wagered, or offered for the purpose of being staked, bet or wagered, by or for any other person upon any such result, or whoever knowingly becomes the custodian or depositary of any money or other thing of value so staked, bet, or wagered upon any such result, or whoever aids, or assists, or abets in any manner in any of such acts all of which are hereby forbidden, shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.